◼ SARAH J. SMITH, Appellant, v STATE OF NEW YORK, Respondent.—Mahoney, P. J.

Claimant commenced this action alleging that she was injured on June 19, 1982 when a plank, which formed a part

of the "catwalk" of a dock structure adjacent to a State-owned and operated boat launching facility on the west shore of the Hudson River in the Town of Coxsackie, Greene County, collapsed. At trial, claimant's proof consisted of depositioned testimony of the Senior Park Engineer and General Park Manager of the Saratoga Capital District Region of the Office of Parks, Recreation and Historic Preservation, as well as her own testimony and that of her treating physician. At the close of claimant's proof, the State, without calling any witness, moved to dismiss the claim on the ground that General Obligations Law § 9-103 affords the State statutory immunity against claims for injury arising out of the State's failure to keep premises safe for use by the public in the absence of willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity.

The Court of Claims, while finding the State's conduct in maintaining the boat launching facility to be negligent, nevertheless concluded that such conduct did not approach the level of willfullness or maliciousness necessary to trigger the statutory exception so as to impose liability on the State. Accordingly, the court granted the State's motion and dismissed the claim *(see, Sega v State of New York,* 60 NY2d 183).

We reverse. In *Bush v Village of Saugerties* (114 AD2d 176) we adopted the rationale of *O'Keefe v State of New York* (104 AD2d 43) and held that the statutory immunity afforded by General Obligations Law § 9-103 does not extend to a public park or recreational facility open for public use *(see also, Russo v City of New York,* 116 AD2d 240). We concluded in *Bush,* as did the Fourth Department in *O'Keefe,* that nothing in *Sega* precludes an incisive look into legislative history to determine the nature of the property and the types of claims which are within the reach of the statute. A review of the legislative history, accurately set forth at length in *O'Keefe,* persuaded us in *Bush* to conclude that the purpose of the statute was to open " 'tracts of wild or undeveloped property suitable for hunting, fishing and trapping *(O'Keefe v State of New York, supra,* p 48)' and to protect the uncompensated owner/possessor from claims emanating from such activities" *(Bush v Village of Saugerties, supra,* p 179). In other words, the statutory purpose was to encourage the opening of privately owned lands for public recreational purposes by relieving the owner of potential tort liability, except for wanton or malicious acts.

As was stated in *O'Keefe,* and reiterated by this court in *Bush,* an extension of the statutory protection of General

Obligations Law § 9-103 to public parks and facilities would effect a drastic change in the rules of liability attendant a municipality's duty to the public; a change, in our view, not envisioned or intended by the Legislature.

Judgment reversed, with costs, and claim reinstated. Mahoney, P. J., Kane, Weiss and Levine, JJ., concur.

Casey, J., concurs under constraint of *Bush v Village of Saugerties* (114 AD2d 176).