Mark A. Wilkins, Appellant, v State of New York, Respondent. (Claim No. 72073.)

Third Department, April 11, 1991

APPEARANCES OF COUNSEL

*Briggs, Dwyer & Smith, P. C. (John T. Wilkins* of counsel), for appellant.

*Robert Abrams, Attorney-General (Michael S. Buskus* and *Peter J. Dooley* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether the limited liability provision of General Obligations Law § 9-103 is applicable to State-owned lands in the Adirondack Park reserve on which the State maintains an access road, parking lot and nature trails which are open to the public without any fee. We agree with the Court of Claims that General Obligations Law § 9-103 is applicable in the circumstances presented by this case, and we affirm its judgment dismissing the claim.

Claimant was injured when the motorbike on which he was a passenger struck a chain stretched across the State's access road. The chain was used to close the area each evening, and there was a sign advising that "[t]his gate closes at 8:30 P.M." It is undisputed that the accident occurred shortly before 8:30 P.M. It is also undisputed that a reflector had been placed on the chain, but after the accident the chain was down and the reflector was found in the woods.

In *Sega v State of New York* (60 NY2d 183) the Court of Appeals held that General Obligations Law § 9-103 is applicable to State property, explaining that: "The Legislature has provided that landowners who gratuitously allow persons to use their property for certain enumerated recreational activities such as hiking, fishing, hunting, and off-road vehicle travel are not liable for injuries unless caused by willful or malicious acts or omissions of the owner. There being nothing to the contrary in the law, this protection is available to the State itself when no fee is charged for pursuing these activities on publicly owned property" *(supra,* at 186).

In *Ferres v City of New Rochelle* (68 NY2d 446, 448), the Court of Appeals held that General Obligations Law § 9-103 does not apply to a claim based upon a municipality's failure to fulfill its duty in the operation and maintenance of a supervised public park and recreational facility. The court noted that: "It would be contrary to reason to assume that the Legislature could have intended that the statute apply in

circumstances where neither the basic purpose of the statute, nor, indeed, any purpose could be served—as in the case of the supervised park here where the municipality has already held its recreational facility open to the public and needs no encouragement to do so from the prospective immunity offered by the statute" *(supra,* at 452).

In its most recent treatment of the statute, the Court of Appeals held that General Obligations Law § 9-103 was applicable to lands located within city limits which were used by the landowner in the operation of an existing railroad *(Iannotti v Consolidated Rail Corp.,* 74 NY2d 39). In so doing, the plurality opinion explained that: "The question is whether—notwithstanding its contemporaneous commercial use—the property is the sort which the Legislature would have envisioned as being opened up to the public for recreational activities as a result of the inducement offered in the statute. In other words, is it a type of property which is not only physically conducive to the particular activity or sport but is also a type which would be appropriate for public use in pursuing the activity as recreation?" *(supra,* at 45).

Here, claimant argues that because the land at issue was public land held open to the public for recreational use, the State did not need the inducement of the statute to open up the land to the public and, therefore, General Obligations Law § 9-103 does not apply. Although there is language in both *Ferres* and *Iannotti* which supports this argument, the State land involved in *Sega* was public land held open to the public for recreational use, and the holding in *Sega* has not been limited or overruled. We also note that the land involved in *Ferres* was not only physically conducive to the activity engaged in by the plaintiff at the time of his injury, but was also the type of land which would be appropriate for public use in pursuing that activity as recreation, thereby satisfying the test set forth in *Iannotti.* While these cases cannot readily be harmonized by looking only at the character of the land itself, they can be harmonized by examining the respective roles of the landowners in relation to the public's use of the land *(see,* Governor's Bill Jacket, L 1956, ch 842). In both *Sega* and *Ferres,* the landowners were governmental entities. The municipality in *Ferres* not only owned and maintained land held open to the public, but it also operated, supervised and maintained various public recreational facilities, including a guardhouse, beach, park for sitting and lounging, several pavilions and a place to eat *(Ferres v City of New Rochelle,* 68 NY2d

446, 449, *supra).* In *Sega,* however, the State was merely a landowner which held its land open to the public; although the State maintained the land and its limited improvements, the State did not operate, maintain or supervise any public recreational facilities *(Sega v State of New York,* 60 NY2d 183, 187-188, *supra).* In *Iannotti,* the defendant was a private landowner engaged in the operation of a railroad; it did not operate, maintain or supervise any public recreational facilities *(Iannotti v Consolidated Rail Corp.,* 74 NY2d 39, 46-47, *supra).* Thus, in our view, the applicability of the statute depends not only on the character of the land itself, but also on the role of the landowner in relation to the public's use of the property, particularly in those cases involving a governmental landowner.

In the case at bar, the Court of Claims found that the State land at issue was basically wilderness, with limited improvements such as an access road, parking lot and nature trails, which were largely unsupervised, and the evidence in the record supports this finding. Thus, the character of the land and the State's role herein are substantially the same as in *Sega (supra).* The land is largely undeveloped, with only limited improvements, and is clearly appropriate for public use in pursuing a number of the activities listed in General Obligations Law § 9-103, including the activity engaged in by claimant when he was injured. Although the State maintains the land and holds it open to the public for recreational purposes, the State does not operate, maintain or supervise any public recreational facilities on its land. In these circumstances, the protection afforded by General Obligations Law § 9-103 is available to the State when no fee is charged for pursuing the statutorily enumerated recreational activities on publicly owned property *(see, Sega v State of New York,* 60 NY2d 183, 186, *supra).*

Claimant's attempts to bring this case within the scope of the holding in *Ferres v City of New Rochelle* (68 NY2d 446, *supra)* and other similar cases *(e.g., Smith v State of New York,* 124 AD2d 296; *Bush v Village of Saugerties,* 114 AD2d 176) are unavailing. The record simply does not support a finding that in addition to being a landowner, the State was the owner and operator of a regularly supervised public recreational facility with substantial improvements. Because the holding in *Sega (supra)* remains viable, and because the facts of this case fall within the scope of that holding, the Court of Claims correctly held that this action was governed

by the limited liability provision of General Obligations Law § 9-103.

Pursuant to the statute, the State can be held liable for claimant's injuries only if the evidence establishes that the State willfully or maliciously failed to guard or to warn against a dangerous condition, use, structure or activity. The Court of Claims found that the State was negligent in putting the chain in place prior to the posted 8:30 P.M. closing time, but the State's misconduct did not involve the willful or malicious failure to guard or warn against a dangerous condition, use or activity. The court's finding is supported by the record and, in the circumstances presented by this case, we see no basis for imposing liability on the State (see, Cutway v State of New York, 60 NY2d 183, 188-190, 192; Fenton v Consolidated Edison Co., 165 AD2d 121).

MAHONEY, P. J., LEVINE, MERCURE and HARVEY, JJ., concur.

Judgment affirmed, without costs.