■ MARJORIE CLARK et al., Appellants, v STATE OF NEW YORK, Respondent.—Yesawich Jr., J. Appeal from a judgment of the Court of Claims (Lyons, J.), entered November 8, 1990, which dismissed the claim.

In their claim against the State claimants seek damages for personal injuries suffered by their son and loss of services and medical expenses resulting from a sledding accident that occurred on January 15, 1988 at Clermont Park Historic Site in the Town of Livingston, Columbia County. Claimants maintain that the State negligently failed to provide a map or erect signs or a fence to warn them of or guard them from a dangerous drop off, which was not visible from a hill on the park site that was regularly used for sledding. In a bench decision, the Court of Claims dismissed the claim on the merits. On appeal, claimants contend that the court improperly applied General Obligations Law § 9-103, the recreational use statute, to require that they prove the State's actions were willful or malicious. We affirm.

General Obligations Law § 9-103 (1) (a) immunizes both State and private landowners (Sega v State of New York, 60 NY2d 183, 190) who permit public use of their property for certain enumerated recreational activities, including sledding, from liability for ordinary negligence (Gruber v Fairport Cent.

*School Dist.,* 147 Misc 2d 545, 546, *affd on opn below* 174 AD2d 1021, *lv denied* 78 NY2d 860). It does not, however, afford immunity to the State or a municipality for its failure to reasonably operate and maintain a supervised public park and recreational facility *(see, Ferres v City of New Rochelle,* 68 NY2d 446, 449; *Smith v State of New York,* 124 AD2d 296, 297; *Bush v Village of Saugerties,* 114 AD2d 176, 180). Whether General Obligations Law § 9-103 (1) (a) applies "depends not only on the character of the land itself, but also on the role of the landowner in relation to the public's use of the property, particularly in those cases involving a governmental landowner" *(Wilkins v State of New York,* 165 AD2d 514, 517).

The uncontroverted evidence adduced at trial is that at the time of the accident Clermont Park Historic Site consisted of a parking lot, a restored 44-room mansion, a 19th century carriage barn undergoing renovation into a visitor center, two formal gardens, picnic tables, a public information kiosk and public toilets. Some 22 to 25 of its approximately 417 acres is lawn, with the rest being fields and forest. Nearly five miles of trails on the premises are used for hiking in summer and cross-country skiing in winter; horseback riding is permitted on marked trails. During the summer, the site offers tours of the mansion and interpretative programs based on historic events that occurred at the site. In the winter, one security guard is on the premises 24 hours a day and is required to remain in the historic house to protect against damage or vandalism. On the weekdays, maintenance personnel are on duty.

Although sledding is not actively discouraged at Clermont Park Historic Site, neither is it formally encouraged or permitted. The premises, listed on the national register of historic places, are open to the public primarily as a historic site *(cf., Ferres v City of New Rochelle, supra,* at 449; *O'Keefe v State of New York,* 104 AD2d 43, 44). Concededly, land around the site is physically conducive to sledding and was frequently used by the public for that purpose. Significantly, however, the land was not maintained and supervised for sledding *(see, Gruber v Fairport Cent. School Dist., supra,* at 549; *see also, Hoffman v Joseph R. Wunderlich, Inc.,* 147 AD2d 807, 809, *lv denied* 74 NY2d 612). Indeed, since this unfortunate accident, signs prohibiting sledding have apparently been posted at the site. Furthermore, claimants were not charged a fee to sled there *(see,* General Obligations Law § 9-103 [2] [b]). Thus, even though the land in question cannot be characterized as wilder-

ness, remote or undeveloped, applying General Obligations Law § 9-103 is both appropriate and consistent with the purpose of the legislation, namely, to open land to the public for the specified recreational uses (see, *Iannotti v Consolidated Rail Corp.*, 74 NY2d 39, 44, 45; *Dean v Glens Falls Country Club*, 170 AD2d 798, 799).

As claimants have presented nothing to support a finding that the State acted willfully or maliciously in failing to warn them of or guard them against what they described as a "cliff", which they went over, there are no grounds upon which they may recover (see, *Sega v State of New York*, 60 NY2d 183, 190, supra).

Mahoney, P. J., Mikoll, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.