■ WINIFRED HINCHLIFFE, Appellant, v ORANGE AND ROCKLAND UTILITIES Co., INCORPORATED, Respondent. [628 NYS2d 806] —In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Orange County (Barone, J.), dated August 26, 1993, which denied her

motion to strike the defendant's defense predicated upon General Obligations Law § 9-103 and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The decedent died when the snowmobile he was operating broke through thin ice on the Swinging Bridge Reservoir in Sullivan County. The plaintiff alleges and the defendant admits that the reservoir is owned by the defendant, which uses its waters for the purpose of generating electricity. According to eyewitness accounts, there was a large area of open water where the accident occurred. It appears that this phenomenon is a result of an underground tunnel which supplies water to the reservoir from a nearby lake and empties into the reservoir below the accident site, thereby impeding the freezing of the surface water above. The tunnel came into operation in January of 1939.

The plaintiff has alleged, *inter alia,* that the defendant failed to take any steps to prevent snowmobiles from using the reservoir. However, the Supreme Court properly concluded that no evidence was presented tending to support a finding that the defendant acted willfully or maliciously within the meaning of General Obligations Law § 9-103 (2) (a). Inherent in General Obligations Law § 9-103 (2) (a) "is a high-threshold demonstration by the injured party to show willful intent by the alleged wrongdoer * * * The exception 'must be strictly construed in order that the major policy underlying the legislation itself is not defeated', with all doubts resolved in favor of the general provision rather than the exception" *(Farnham v Kittinger,* 83 NY2d 520, 529, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 213). The fact that the dangerous condition in question might not be readily apparent does not remove it from the coverage of General Obligations Law § 9-103 (1) (a). On the contrary, "the statute does not indicate any intent to except traps or concealed defects" *(Cutway v State of New York,* 60 NY2d 183, 191).

The plaintiff's contention that the reservoir was rendered unsuitable for snowmobiling due to the condition in question is without merit. "[S]uitability must be judged by viewing the property as it generally exists, not portions of it at some given time" *(Bragg v Genesee County Agric. Socy.,* 84 NY2d 544, 552). "[T]he presence or absence of a dangerous condition is not the benchmark for determining suitability or appropriateness" *(McGregor v Middletown School Dist. No. 1,* 190 AD2d 923, 924). Mangano, P. J., Rosenblatt, Miller and Ritter, JJ., concur.