■ DOUGLAS STENTO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 89016.) [665 NYS2d 471] —Cardona, P. J. Appeal from an order of the Court of Claims (Hanifin, J.), entered December 9, 1996, which granted the State's motion for summary judgment dismissing the claim.

On January 10, 1994 at approximately 4:30 P.M., claimant, an experienced skier who had skied at Chenango Valley State Park in Broome County on numerous occasions, was cross-country skiing on that part of the park constituting the golf course, with which he was unfamiliar, when he skied off a 15 to 20-foot "cliff" created by the three-tiered fourth tee. There were no markings or warnings posted indicating the approximately six-foot drop between each level of the fourth tee. Claimant filed this claim to recover damages and following joinder of issue, the State moved for summary judgment

dismissing the claim asserting that it was barred by the State's recreational use statute (*see*, General Obligations Law § 9-103). The Court of Claims granted summary judgment and dismissed the claim. Claimant appeals.

Initially, there is no question regarding the park's suitability for cross-country skiing (*see*, *Albright v Metz*, 88 NY2d 656, 662; *Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 550; *Iannotti v Consolidated Rail Corp.*, 74 NY2d 39, 45). Rather, claimant argues that the statute is inapplicable to this State park because it is specifically operated and maintained as a recreational park for the public, including cross-country skiers (*see*, *Ferres v City of New Rochelle*, 68 NY2d 446). We disagree. This case is distinguishable from *Ferres v City of New Rochelle* (*supra*), in which the Court of Appeals held that the statute did not apply to a municipal park in which various public recreational facilities were operated, maintained and supervised by a recreation supervisor with a staff of 24 employees. In cases involving government landowners, as in the instant matter, we have emphasized the importance of examining " 'the role of the landowner in relation to the public's use of the property' " in determining whether it is appropriate to apply the limited liability provision of General Obligations Law § 9-103 (*Clark v State of New York*, 178 AD2d 908, 909, quoting *Wilkins v State of New York*, 165 AD2d 514, 517).

Here, while it is uncontroverted that the State permitted cross-country skiing, an enumerated recreational activity (*see*, General Obligations Law § 9-103 [1] [a]), it did not maintain or supervise any designated winter trails for that activity. The record shows that the park eliminated all such cross-country ski trails and stopped distributing maps indicating location of trails prior to claimant's accident. This was done due to budget constraints and the fact that many skiers preferred making their own trails. Indeed, at his examination before trial, claimant conceded that he had not seen any maps, brochures or signs advising of the existence of any ski trail.

The record further reveals that there is a significant difference between the activities and services provided during the summer and those in the winter. During the summer, various supervised activities are offered such as camping, golfing and swimming. During this period the park employs approximately 50 people. Parking fees are charged between Memorial Day and Labor Day and cabins are also available between Memorial Day and Columbus Day. In contrast, during the winter months no supervised activities are offered. The number of employees drops to between six and 11 and their duties are limited

mainly to snowplowing and maintenance of the park's facilities and equipment. Although used by some winter recreationists for cross-country skiing, the park's multipurpose trails (for summer activities like hiking and biking) are not maintained in the winter. They are neither groomed nor routinely inspected for cross-country skiing. Parking is limited to three areas and no fee is charged. The only buildings open during the winter are the park office and a warm-up room near the beach.

In our view, the State's role as a landowner changes so dramatically in the winter that it cannot reasonably be said to operate, maintain or supervise public recreational facilities at that time of year. Here, application of General Obligations Law § 9-103 is "appropriate and consistent with the purpose of the legislation" (*Clark v State of New York, supra*, at 910), for without the inducement of liability protection to the State it would not be able to keep its entire park land open to the public during the winter for the specified recreational uses. Therefore, we find that this case falls within the scope of our holdings in *Wilkins v State of New York* (*supra*) and *Clark v State of New York* (*supra*) and not within the holding in *Ferres v City of New Rochelle* (*supra*). Accordingly, the Court of Claims correctly determined that the limited liability provision of General Obligations Law § 9-103 was applicable in the absence of proof of willful or malicious failure to guard or warn of an allegedly dangerous condition (*see*, General Obligations Law § 9-103 [2] [a]).

Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.