■ PATRICIA C. KEPPLER et al., Respondents, v TOWN OF SCHROON, Appellant. [699 NYS2d 792] —Peters, J. Appeal from an

order of the Supreme Court (Dawson, J.), entered February 1, 1999 in Essex County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Patricia C. Keppler (hereinafter plaintiff) was injured on September 4, 1995 when her leg became trapped between two sections of a floating dock located on Schroon Lake in the Town of Schroon, Essex County. Plaintiff, with her husband derivatively, commenced this action contending, *inter alia*, that the dock was defectively designed and that defendant failed to provide adequate warnings regarding its dangerous condition.

After joinder and the completion of all discovery, defendant moved for summary judgment seeking dismissal of the complaint alleging that General Obligations Law § 9-103 immunized it from allegations of negligence, that plaintiff had assumed the risk of her injury and that proximate cause as against it could not be established. Supreme Court denied the motion by finding that General Obligations Law § 9-103 was inapplicable, that plaintiff was not engaged in a recreational activity where she accepted any kind of risk and that any determination of fault must ultimately be left for the jury. Defendant appeals.

General Obligations Law § 9-103 provides landowners protection from liability to encourage them to make their property available for public use to pursue certain specified activities (*see, Sena v Town of Greenfield*, 91 NY2d 611, 615; *Ferres v City of New Rochelle*, 68 NY2d 446, 451). Such a statute will not, however, limit liability of a government landowner who negligently operates or maintains a supervised recreational facility since such landowner needs no incentive to open such land to the public use. As the Court of Appeals reasoned in *Ferres v City of New Rochelle (supra)*: "If the statute is applied in such case, the result is an immediate reduction of this higher duty [to use reasonable care in the operation of the park] to one which requires the municipality to do no more than refrain from a malicious act or omission. The municipality would give up nothing but gain immunity. And this immunity would depend solely on a factor which bears no relationship to the risk of harm or the municipality's ability to prevent it, i.e., whether the activity for which the person entered the premises happened to be one of those mentioned in the statute" (*id.*, at 454; *see, Sena v Town of Greenfield, supra*, at 615-616; *English v City of Albany*, 235 AD2d 977, 978). When determining whether General Obligations Law § 9-103 applies in a matter involving a government landowner, the character of the land

and "the role of the landowner in relation to the public's use of the property" (*Wilkins v State of New York*, 165 AD2d 514, 517) must be examined (*see, Stento v State of New York*, 245 AD2d 771, *lv denied* 92 NY2d 802; *Clark v State of New York*, 178 AD2d 908).

The record reflects that plaintiff was injured in the Town of Schroon Public Park which has been in existence for over 40 years. Such park contains, *inter alia*, docks, fishing piers, numerous athletic fields, a beach supervised by defendant's employees as lifeguards, a boathouse, manicured lawns and a number of signs that regulate the use of its facilities through formal rules promulgated by the Town Board. The docks where plaintiff was allegedly injured were designed and constructed by defendant and maintained on a daily basis by its parks and maintenance supervisor while in use. Upon these facts, it is evident that defendant operated, maintained and supervised the public recreational facilities therein in such a way as to encourage public use. Recognizing the legislative under-pinnings of General Obligations Law § 9-103, we cannot find that immunity to defendant should be provided thereunder.

Turning to defendant's contention that no duty of care was owed to plaintiff since the recreational activity of boating pre-sents potentially hazardous conditions which she assumed by her engagement therein (*see generally, Morgan v State of New York*, 90 NY2d 471), it is by now well settled that such individuals can only be found to have "consent[ed] to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*id.*, at 484). They will not be deemed to have as-sumed a concealed risk (*see, id.*, at 485).

Even assuming, arguendo, that plaintiff's activities on the dock can be found to be a risk inherent in the recreational activity of boating, we do not find that defendant sustained its burden of demonstrating its entitlement to judgment as a mat-ter of law on this issue (*see, Zuckerman v City of New York*, 49 NY2d 557). Defendant offered no evidence that plaintiff, even with full knowledge as to how far apart the docks could sepa-rate and move due to the ebb and flow of the tide, acted despite this knowledge and so disregarded this "commonly appreciated risk[ ]" (*Morgan v State of New York, supra*, at 484). Moreover, despite defendant's contention that plaintiff was solely responsible for her own injury, plaintiff submitted a licensed engineer's affidavit which stated that the docks were negli-gently constructed and designed, thus creating a triable issue of fact (*see, id.*). We reject any assertion by defendant that

prior notice of this condition was required since defendant built these docks and thus created the condition (*see, Kiernan v Thompson,* 73 NY2d 840; *O'Toole v County of Sullivan,* 255 AD2d 799).

We have considered defendant's other contentions and reject them as either without merit or not properly raised before Supreme Court (*see, General Elec. Tech. Servs. Co. v Clinton,* 173 AD2d 86, 89, *lv denied* 79 NY2d 759).

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.