■ BRUCE PELKEY, JR., Respondent, v PHIL VIGER, Appellant. [735 NYS2d 231] —Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered February 15, 2001 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries he sustained when he was struck by a bullet while hunting in the Town of Wilton, Saratoga County. The record reflects that plaintiff and his companions were separated into two groups. Plaintiff, Philip Viger, Jr. and Edward Dano were designated to drive the deer towards both defendant and his brother, Lucky Viger, who were positioned some distance ahead. At one point, plaintiff spotted three deer and immediately discharged his weapon. He then heard two additional shots, fell down and called for assistance when he recognized that he had been shot in his left thigh.

Defendant related that prior to the group splitting up, discussions were had as to where each hunter would be situated. At the time of the incident, defendant, who only had direct sight of his brother, discharged his weapon after he observed three deer running in an open area. Shortly thereafter, defendant was notified by his brother that plaintiff stated that he shot

himself. When defendant went to assist plaintiff, plaintiff again admitted to him that he shot himself. Police investigation resulted in the recordation of statements from each member of the hunting group who detailed their own position and that of their party. Plaintiff, for the first time, alleged that while he did not know who shot him, he was sure that he did not shoot himself.

Defendant moved for summary judgment asserting that plaintiff had assumed the risk of injury by participating in the sport of hunting and that no evidence supported a finding of negligence on his part. Supreme Court denied the motion, finding a question of fact as to whether defendant's gun fired the bullet that is still lodged in plaintiff's thigh. Defendant appeals.

Preliminarily, we find that the police report that plaintiff submitted in opposition to defendant's motion was properly considered. Wholly acknowledging the requirement of tender in admissible form when opposing a motion for summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562), we have recognized that "hearsay evidence that is excludable at trial may be presented in opposition to a motion for summary judgment, so long as it is not the only proof submitted" (*Murray v North Country Ins. Co.*, 277 AD2d 847, 850). In determining " 'whether the hearsay document offered in evidence has sufficient independent indicia of reliability to justify its admission' " (*Cramer v Kuhns*, 213 AD2d 131, 136, *lv dismissed* 87 NY2d 860, quoting *City of New York v Pullman, Inc.*, 662 F2d 910, 914, *cert denied sub nom. Rockwell Intl. Corp. v City of New York*, 454 US 1164), factors considered will include the timeliness of the report, "the skill and/or experience of the investigator * * * and * * * the possibility of bias" (*Cramer v Kuhns, supra*, at 136). Here, the police investigative report was recorded on an official form and included results by the State Police forensic laboratory which found that the projectile shown in plaintiff's X rays was of a size "consistent with the diameter of a .270 [caliber] to a .30 [caliber] projectile and was not consistent with a .45 [caliber] projectile"; plaintiff was carrying a .45 caliber weapon.

As to defendant's contention that plaintiff assumed the risk of injury by his voluntary participation in the sport of hunting, we note that this doctrine does not encompass " 'another participant's negligent play which enhances the risk' " (*Martin v Luther*, 227 AD2d 859, 860, quoting *Jackson v Livingston Country Club*, 55 AD2d 1045; *see, Duncan v Kelly*, 249 AD2d 802, 803).

Finally, addressing defendant's assertion that there is no

basis upon which liability can be imposed upon him, we note that while plaintiff initially admitted that his gunshot wound was self-inflicted, police reports and forensic evidence are inconsistent with that scenario. Although plaintiff may ultimately be unable to prove that it was defendant's weapon which fired the projectile that caused his injury, we agree that a triable issue of fact remains as to whether defendant was negligent and whether such negligence caused plaintiff's injury (*cf.*, *Jarvis v Eastman*, 202 AD2d 826).

Mugglin and Lahtinen, JJ., concur.

Crew III, J. (dissenting). We respectfully dissent. Assuming, without conceding, that there is sufficient evidence to create an issue of fact as to the source of the projectile that struck plaintiff, that, in and of itself, is insufficient to defeat defendant's motion and commit the matter to trial. Plaintiff has wholly failed to identify conduct on defendant's part that was imprudent and unreasonable under the circumstances.

The largely undisputed facts reveal that plaintiff, Edward Dano and Philip Viger, Jr. were "driving" deer through the woods in a northerly direction to defendant's right. Defendant was standing "watch" on the edge of an open field, some 300 feet north of the tree line of the woods from where plaintiff, Dano and Viger were approaching. At some point, defendant observed an antlered deer in the field moving from defendant's right to left, or in a northerly direction, away from the woods in which the "drivers" were walking. Defendant estimated the deer to be approximately 300 feet distant with an additional 1,000 feet of open field beyond. Quite clearly, defendant had a safe field of fire to and beyond his prey. Further, there is no evidence that plaintiff was in defendant's line of vision when defendant shot, except for the conclusion that plaintiff was in the line of fire because he was struck. This, of course, is utterly speculative. In point of fact if, as the majority posits, the hearsay reports are to be relied upon, they indicate that plaintiff was not visible from defendant's firing position. Nor is there any evidence that defendant knew or should have known, given the lapse of time since the start of the drive and the expected positions of the drivers at the conclusion thereof, that plaintiff was in the approximate line of defendant's fire when he shot at the deer. To the contrary, the only evidence in that regard was that the drivers, if they kept to the planned hunt, would never be in defendant's line of fire. In short, based upon the record here, only upon mere conjecture could a jury determine that defendant negligently discharged his weapon. Accordingly, we would reverse and grant defendant's motion.

Rose, J., concurs. Ordered that the order is affirmed, without costs.