■ TERRY L. BLAIR, as Administratrix of the Estate of CHRISTOPHER BLAIR, Deceased, et al., Respondents, v NEWSTEAD SNOWSEEKERS, INC., Doing Business as NORTHERN ERIE SNOW-SEEKERS, et al., Defendants, and VILLAGE OF AKRON, Appellant, and NIAGARA MOHAWK POWER CORPORATION, Respondent. [769 NYS2d 807]—

Appeal from an amended order of Supreme Court, Erie County (Mintz, J.), entered August 22, 2002, which, inter alia, denied the cross motion of defendant Village of Akron for summary judgment dismissing the complaints and cross claims against it.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion of plaintiffs Anthony J. Falter, Jr. and Deborah Falter, reinstating the affirmative defense of General Obligations Law § 9-103, granting the cross motion of defendant Village of Akron and dismissing the complaints and the cross claims of defendant Niagara Mohawk Power Corporation against it and as modified the amended order is affirmed without costs.

Memorandum: On January 10, 1997, Christopher Blair (Blair), Dean R. Przesiek (Przesiek) and plaintiff Anthony J. Falter, Jr. (Falter) (collectively, snowmobilers) were riding snowmobiles on a bike path that doubled as a snowmobile trail in defendant Village of Akron (Village). The bike path/snowmobile trail ran over a bridge that spanned Murder Creek. While attempting to cross the bridge, all three snowmobilers hit some portion of the bridge or the guardrail abutting the bridge and were thrown from their snowmobiles. Blair and Przesiek were killed in the accident, and Falter sustained injuries.

Plaintiffs commenced separate actions against multiple defendants, including the Village, which were consolidated prior to the proceedings at issue on this appeal. The Village subsequently cross-moved for summary judgment dismissing the complaints and any cross claims against it based on the affirmative defense of General Obligations Law § 9-103. Defendant Niagara Mohawk Power Corporation (NiMo) cross-moved for summary judgment, incorporating the Village's General Obligations Law § 9-103 arguments, and opposed the Village's cross motion based upon an easement and an agreement between NiMo and the Village that restricts snowmobiles from using the path (Agreement). Plaintiffs opposed the Village's cross motion, and Falter and his wife, plaintiff Deborah Falter (collectively, Falters) cross-moved for summary judgment striking the Village's General Obligations Law § 9-103 affirmative defense. Supreme Court denied both the Village's and NiMo's cross motions and granted the Falters' cross motion to strike the Village's General Obligations Law § 9-103 affirmative defense. The Village now appeals.

We conclude that the court erred in determining that General Obligations Law § 9-103 is inapplicable here and thus modify the amended order accordingly. That section states, in pertinent part:

"1. Except as provided in subdivision two,

"a. an owner, lessee or occupant of premises, whether or not posted as provided in section 11-2111 of the environmental conservation law, owes no duty to keep the premises safe for entry or use by others for . . . snowmobile operation . . . or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes;

"b. an owner, lessee or occupant of premises who gives permission to another to pursue any such activities upon such premises does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed,

or (3) assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted. . . .

"2. This section does not limit the liability which would otherwise exist

"a. for willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity . . . ."

In order to be afforded the protection of the statute, there must be "a showing that the injured party was pursuing one of the statutorily enumerated recreational activities at the time of the injury and that the property on which the injury occurred is of the character the Legislature envisioned in enacting the statutory grant of immunity, namely, that it is (1) physically conducive to the activity at issue, and (2) of a type that is appropriate for public use in pursuing that activity as recreation" (*Reid v Kawasaki Motors Corp. U.S.A.*, 189 AD2d 954, 955 [1993] [citations omitted]). "A substantial indicator that property is 'physically conducive to the particular activity' is whether recreationists have used the property for that activity in the past; such past use by participants in the sport manifests the fact that the property is physically conducive to it" (*Albright v Metz*, 88 NY2d 656, 662 [1996], quoting *Iannotti v Consolidated Rail Corp.*, 74 NY2d 39, 45 [1989]). In cases involving government landowners, the appropriate inquiry is "the role of the landowner in relation to the public's use of the property in determining whether it is appropriate to apply the limited liability provision of General Obligations Law § 9-103" (*Stento v State of New York*, 245 AD2d 771, 772 [1997] [internal quotation marks omitted], *lv denied* 92 NY2d 802 [1998]).

Here, the Village met its initial burden of demonstrating its entitlement to judgment as a matter of law, and plaintiffs and NiMo failed to raise a material issue of fact precluding summary judgment (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In support of its cross motion, the Village submitted proof that it owned the property, that the snowmobilers were engaged in a recreational activity enumerated in the statute, i.e., snowmobiling, and that the path had been used for years by the public as a snowmobile trail. Furthermore, the Village submitted evidence that it neither supervised nor maintained the path during the winter months, and that, while people had used the path to snowmobile prior to the accident, snowmobiling was not a stated use for the path. Although plaintiffs and NiMo demonstrated that the path was designed for use by bicyclists, pedestrians and cross-country skiers, and that the Agreement clearly states that snowmobiling is prohib-

ited, the sine qua non of determining whether property is "physically conducive to the particular activity" is whether recreationists have used the property for that activity in the past (*Iannotti*, 74 NY2d at 45). Plaintiffs and NiMo also failed to raise material issues of fact concerning whether the Village operated, supervised and maintained the path during the winter months and/or charged a fee for its use (*see Stento*, 245 AD2d at 772). We further reject the contention of plaintiffs that restrictions imposed by a grant and easement raise issues of fact here sufficient to defeat the Village's cross motion (*cf. Albright v Metz*, 88 NY2d 656 [1996]). Whether the Village " 'control[s] access to the land or hold[s] the right to exclude people from the property' " is not determinative (*Weller v Colleges of Senecas*, 261 AD2d 852, 853 [1999]).

Finally, we conclude that the Village established as a matter of law that the willful conduct exception that would void the protection of General Obligations Law § 9-103 is inapplicable here. In support of its cross motion, the Village submitted proof that it affixed reflectors on the railings leading up to the bridge and that it took care of any complaints it received concerning the path and/or bridge. While plaintiffs and NiMo submitted deposition testimony establishing that people had been snowmobiling along the path for years prior to the accident, there was no evidence submitted establishing that there had been prior accidents in the area. Thus, plaintiffs and NiMo failed to meet their respective burdens of showing an " 'obvious risk so great as to make it highly probable that harm would result' " (*Hillman v Penn Cent. Corp.*, 204 AD2d 902, 902 [1994]). Present— Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.