RONALD L. MYERS, as Administrator of the Estate of KARL L. MYERS, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 101708.) [782 NYS2d 326]—

Appeal from an order of the Court of Claims (Nicholas V. Midey, Jr., J.), entered July 17, 2003. The order denied defendant's motion for summary judgment dismissing the claim and granted claimant's cross motion for partial summary judgment dismissing the eighth affirmative defense.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the claim is dismissed and the cross motion is denied.

Memorandum: Claimant, as administrator of the estate of Karl L. Myers (decedent), commenced this action seeking damages for wrongful death and conscious pain and suffering resulting from decedent's fatal fall at Chimney Bluffs State Park. The Court of Claims erred in denying defendant's motion for summary judgment dismissing the claim and granting claimant's

cross motion for partial summary judgment dismissing the eighth affirmative defense, which alleges that defendant is immune from liability pursuant to General Obligations Law § 9-103. It is undisputed that the area where the accident occurred is suitable for hiking (an activity enumerated in the statute), decedent was engaged in that activity at the time of the accident and defendant did not charge a fee for the use of the park (*see Perrott v City of Troy*, 261 AD2d 29, 31 [1999]). The determinative inquiry with respect to the applicability of the statutory grant of immunity here concerns the role of defendant in relation to the public's use of the park (*see Blair v Newstead Snowseekers*, 2 AD3d 1286, 1288 [2003], *lv denied* 2 NY3d 704 [2004]; *Stento v State of New York*, 245 AD2d 771, 772 [1997], *lv denied* 92 NY2d 802 [1998]; *Wilkins v State of New York*, 165 AD2d 514, 517 [1991]). Defendant submitted uncontested proof that the park was undeveloped and its role at the park in relation to the public's use was limited to providing a parking lot and performing occasional maintenance such as clearing garbage and debris (*see Sega v State of New York*, 60 NY2d 183, 187-188 [1983]). Defendant also established that the park had no employees or recreational facilities (*cf. Ferres v City of New Rochelle*, 68 NY2d 446, 449 [1986]; *Keppler v Town of Schroon*, 267 AD2d 745, 747 [1999]), defendant did not supervise hiking or maintain paths at the park for that purpose (*see Blair*, 2 AD3d at 1288; *Stento*, 245 AD2d at 772), and hiking was permitted but not encouraged there (*see Perrott*, 261 AD2d at 31; *Clark v State of New York*, 178 AD2d 908, 909 [1991]). That proof was sufficient to establish defendant's entitlement to judgment, and claimant failed to raise a material issue of fact whether defendant is entitled to the immunity from liability afforded by General Obligations Law § 9-103 (*see Blair*, 2 AD3d at 1289). Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.