■ TIMOTHY G. SCHMITZ, Appellant, v ALPHA HOUSE, INC., Respondent, et al., Defendant. [809 NYS2d 726]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered October 8, 2004 in a personal injury action. The order granted the motion of defendant Alpha House, Inc. for summary judgment dismissing the amended complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the amended complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell in the shower at Alpha House, Inc. (defendant), the drug-treatment facility in which he was a resident. We agree with plaintiff that Supreme Court erred in granting the motion of defendant for summary judgment dismissing the amended complaint against it (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In support of its motion, defendant merely contended that plaintiff slipped as a result of soap suds from his body. "As the proponent of the motion, [however,] defendant had the initial burden of establishing that it did not create the dangerous condition that caused plaintiff to fall and did not have actual or constructive notice thereof" (*Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857, 857 [2005]). Defendant failed to meet its initial burden of establishing that it did not have notice of the slippery condition complained of by plaintiff and, in any event, we conclude that plaintiff raised an issue of fact to defeat defendant's motion. In opposing the motion, plaintiff submitted an affidavit in which he asserted that, several times prior to his fall, he had complained to defendant that the surface of the tub was slippery and that defendant nevertheless failed to install a nonslip mat in the tub to address the slippery condition. Thus, we conclude that plaintiff thereby raised an issue of fact whether defendant had notice of the allegedly defective condition and, if so, whether defendant took steps to correct the condition in a timely manner (*cf. id.*; *see generally Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Green, JJ.