■ BRUCE C. QUACKENBUSH, Respondent, v CITY OF BUFFALO, Appellant. [842 NYS2d 657]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered May 1, 2006 in a personal injury action. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the mountain bike he was riding hit a large hole on a trail located in a park owned by defendant, City of Buffalo (City). We conclude that Supreme Court properly denied the City's motion for summary judgment dismissing the complaint. Contrary to the contention of the City, General Obligations Law § 9-103 does not confer immunity upon it. That statute generally provides immunity to landowners who permit others to use their property for certain enumerated recreational activities (*see* § 9-103 [1] [a], [b]). When the landowner is a government entity, however, "the appropriate inquiry is 'the role of the landowner in relation to the public's use of the property in determining whether it is appropriate to apply the limited liability provision of [that statute]' " (*Blair v Newstead Snowseekers*, 2 AD3d 1286, 1288 [2003], *lv denied* 2 NY3d 704 [2004]; *see Myers v State of New York*, 11 AD3d 1020 [2004]; *see generally Ferres v City of New Rochelle*, 68 NY2d 446, 451-455 [1986]; *Rashford v City of Utica*, 23 AD3d 1000

[2005]). We conclude that statutory immunity does not apply here, inasmuch as the park is actively operated, supervised and maintained in such a manner that the application of such immunity would not create an additional inducement to keep the property open to the public for the specified recreational activities set forth in General Obligations Law § 9-103 (1) (a) (*see e.g. Ferres*, 68 NY2d at 451-455; *Rashford*, 23 AD3d at 1001; *Keppler v Town of Schroon*, 267 AD2d 745, 747 [1999]; *cf. Sega v State of New York*, 60 NY2d 183, 188-191 [1983], *rearg denied* 61 NY2d 670 [1983]; *Myers*, 11 AD3d 1020 [2004]; *Perrott v City of Troy*, 261 AD2d 29, 31-32 [1999]; *Stento v State of New York*, 245 AD2d 771, 772-773 [1997], *lv denied* 92 NY2d 802 [1998]).

Contrary to the further contention of the City, section 21-2 of its City Code is also inapplicable to this case. That section provides that no civil action shall be maintained against the City for damage or injuries sustained in consequence of, inter alia, the defective or dangerous condition of any sidewalk or crosswalk, pedestrian walk or path unless the City had received prior written notice of the condition. In enacting General Municipal Law § 50-e (4), however, the Legislature indicated its intent to limit application of the prior written notice requirement to streets, highways, bridges, culverts, sidewalks or crosswalks, and under the facts of this case "[t]he statute must be construed . . . as a flat prohibition not only of the [City's] enactment of any notice of claim provision other than that provided for in the statute, but also a prohibition of any notice of defect enactment pertaining to locations beyond the six specified" (*Walker v Town of Hempstead*, 84 NY2d 360, 368 [1994]). We reject the City's contention that the unimproved "trail" or "path" upon which plaintiff was injured is the functional equivalent of a sidewalk (*cf. Woodson v City of New York*, 93 NY2d 936, 937-938 [1999]; *Garrison v City of New York*, 300 AD2d 14, 15 [2002], *lv denied* 99 NY2d 510 [2003]; *Rutto v County of Westchester*, 298 AD2d 450, 450-451 [2002]; *Scoville v Town of Amherst*, 277 AD2d 1038 [2000]).

We reject the further contention of the City that plaintiff assumed the risk of injury. Although "the risk of striking a hole and falling is an inherent risk in riding a bicycle on most outdoor surfaces" (*Goldberg v Town of Hempstead*, 289 AD2d 198 [2001]; *see Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d 817, 820-821 [2007]; *Schiavone v Brinewood Rod & Gun Club*, 283 AD2d 234, 236-237 [2001]), we agree with plaintiff that there is an issue of fact whether the hole at issue in this case was open and obvious (*see Berfas v Town of Oyster Bay*, 286 AD2d 466 [2001]; *see also Moore v City of New York*, 29 AD3d 751 [2006];

*Weller v Colleges of the Senecas*, 217 AD2d 280, 284-285 [1995]; *cf. Rivera*, 41 AD3d at 820-821; *Goldberg*, 289 AD2d 198 [2001]).

Finally, as the proponent of the motion for summary judgment, the City was required to establish as a matter of law that it did not create the dangerous condition and did not have actual or constructive notice of it (*see Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857 [2005]; *see also Schmitz v Alpha House, Inc.*, 26 AD3d 805 [2006]; *Pelow v Tri-Main Dev.*, 303 AD2d 940, 940-941 [2003]). We conclude that the City failed to establish that it did not create the dangerous condition and did not have actual or constructive notice of it but, even assuming, arguendo, that the City met its initial burden, we conclude that plaintiff raised triable issues of fact whether the alleged defect was "visible and apparent and [existed] for a sufficient length of time prior to the accident to permit [the City's] employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Present— Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.