█ ROBERT BAKER et al., Individually and as Administrators of the Estate of DOMINICK BAKER, Deceased, Respondents, v COUNTY OF OSWEGO, Appellant, and CARL F. ERIKSON et al., as Parents and Natural Guardians of JOHN M. ERIKSON, an Infant, et al., Respondents. [909 NYS2d 600]—

Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, A.J.), entered May 19, 2009. The order, inter alia, denied the motion of defendant County of Oswego for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion insofar as it seeks leave to amend the answer of defendant County of Oswego upon condition that the amended answer is served within 20 days of service of a copy of the order of this Court with notice of entry and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this wrongful death action, individually and as administrators of the estate of their son, seeking damages for the fatal injuries he sustained when a vehicle driven by defendant Theresa L. Proctor collided with the all-terrain vehicle (ATV) upon which he was a passenger. The accident occurred at the intersection of Marsden Road and the Oswego County Recreational Trail. Defendant County of Oswego (County) moved for summary judgment dismissing the complaint and all cross claims against it or, in the alternative, for leave to amend its answer. We conclude that Supreme Court properly denied the County's motion insofar as it sought summary judgment dismissing the complaint and any cross claims against the County. Contrary to the contention of the County, General Obligations Law § 9-103 does not confer immunity from liability for negligence upon it. That statute generally provides such immunity to landowners, lessees or occupants of premises who permit others to use their property for certain enumerated recreational activities (*see* § 9-103 [1] [a], [b]). "When the landowner is a government entity, however, the appropriate inquiry is the role of the landowner in relation to the public's use of the property in determining whether it is appropriate to apply the limited liability provision of [that statute]" (*Quackenbush v City of Buffalo*, 43 AD3d 1386, 1387 [2007] [internal quotation marks omitted]; *see Myers v State of New York*, 11 AD3d 1020 [2004]; *see generally Ferres v City of New Rochelle*, 68 NY2d 446, 451-455 [1986]). Here, statutory immunity does not apply to the County inasmuch as the trail is actively advertised, operated and maintained by the County "in such a manner that the application of such immunity would not create an additional inducement to keep the property open to the public for the specified recreational activities set forth in [the statute]" (*Quackenbush*, 43 AD3d at 1388; *see Ferres*, 68 NY2d at 451-455; *Rashford v City of Utica*, 23 AD3d 1000 [2005]; *Keppler v Town of Schroon*, 267 AD2d 745, 747 [1999]; *cf. Sega v State of New York*, 60 NY2d 183 [1983]; *Myers*, 11 AD3d 1020 [2004]).

We further conclude, however, that the court abused its discretion in denying the alternative request for relief sought by the County in its motion, i.e., leave to amend its answer to assert

an affirmative defense based upon "the limited immunity with respect to injuries arising from the exercise of judgment and discretion in the governmental decisions of its officers and employees" (*Ufnal v Cattaraugus County*, 93 AD2d 521, 523 [1983], *lv denied* 60 NY2d 554 [1983]). We therefore modify the order accordingly. Generally, " '[l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit' " (*McFarland v Michel*, 2 AD3d 1297, 1300 [2003]; *see* CPLR 3025 [b]; *Nastasi v Span, Inc.*, 8 AD3d 1011, 1013 [2004]). Here, we perceive no prejudice to plaintiffs, the nonmoving parties, and we reject plaintiffs' contention that the proposed amendment is lacking in merit (*see generally Ufnal*, 93 AD2d 521 [1983]).

Finally, we reject the further contention of the County that plaintiffs' son assumed the risk of injury by virtue of the alleged negligence of the son of defendants Carl F. Erikson and Debra L. Erikson, who was driving the ATV, or other third parties (*see Pelkey v Viger*, 289 AD2d 899, 900 [2001], *appeals dismissed* 98 NY2d 707 [2002]). Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.