# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1052
CA 11-00394
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

MICHAEL METZGIER, PLAINTIFF-RESPONDENT,

V                                                                           MEMORANDUM AND ORDER

ABE A. MILLER, DEFENDANT-APPELLANT.

BRINDISI, MURAD, BRINDISI, PEARLMAN, JULIAN & PERTZ, LLP, UTICA
(ANTHONY J. BRINDISI OF COUNSEL), FOR DEFENDANT-APPELLANT.

Appeal from an order of the Supreme Court, Herkimer County
(Michael E. Daley, J.), entered June 29, 2010 in a personal injury
action.  The order denied the motion of defendant for summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, defendant's motion is
granted, and the complaint is dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries he allegedly sustained while operating an all-terrain vehicle
(ATV) on defendant's property when he struck a single strand of barbed
wire fencing that defendant had strung between two trees on the
property.  At the time of the accident, plaintiff and his cousin were
operating ATVs on defendant's property without the knowledge or
permission of defendant.  We conclude that Supreme Court erred in
denying defendant's motion for summary judgment dismissing the
complaint.  Defendant met his initial burden on the motion by
establishing that he was entitled to the benefit of the recreational
use statute, i.e., General Obligations Law § 9-103, inasmuch as he was
the owner of the property where plaintiff was operating an ATV (*see* §
9-103 [1] [a]; *Albright v Metz*, 88 NY2d 656, 662; *Bragg v Genesee
County Agric. Socy.*, 84 NY2d 544, 551-552; *see generally Zuckerman v
City of New York*, 49 NY2d 557, 562).  In opposition to defendant's
motion, plaintiff failed to come forward with evidence in admissible
form establishing that defendant's conduct in constructing the barbed
wire fencing constituted a "willful or malicious failure to guard, or
to warn against, a dangerous condition" such that the statute would
not limit defendant's liability (§ 9-103 [2] [a]; *see Farnham v
Kittinger*, 83 NY2d 520, 528-529; *Hinchliffe v Orange & Rockland Utils.
Co.*, 216 AD2d 528, 529, *lv denied* 87 NY2d 801; *Wilkins v State of New
York*, 165 AD2d 514, 518).

Entered:  September 30, 2011                          Patricia L. Morgan
                                                     Clerk of the Court