# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**573**
**CA 16-01210**
PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

SUZANNE M. GALLAGHER, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

CITY OF BUFFALO, DEFENDANT,
AND COUNTY OF ERIE, DEFENDANT-RESPONDENT.

---

MCMAHON, MARTINE & GALLAGHER, LLP, BROOKLYN (PATRICK W. BROPHY OF COUNSEL), FOR PLAINTIFF-APPELLANT.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ELIZABETH M. BERGEN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered January 28, 2016. The order granted that part of the motion of defendant County of Erie seeking an award of attorney's fees.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and that part of the motion of defendant County of Erie seeking attorney's fees is denied.

Memorandum: Plaintiff commenced this premises liability action seeking to recover damages for injuries she sustained when she fell from her bicycle while trying to avoid colliding with a fence that was blocking a bike path allegedly owned by the County of Erie (defendant). Approximately 11 months after answering the complaint, defendant requested that plaintiff stipulate to allow defendant to amend its answer to include an affirmative defense based on General Obligations Law § 9-103. When plaintiff refused, defendant moved for leave to amend its answer and for attorney's fees incurred in bringing the motion based upon plaintiff's conduct in refusing to stipulate to the amendment. Supreme Court granted that part of defendant's motion seeking leave to amend its answer, and plaintiff appeals from a subsequent order granting the remainder of defendant's motion and awarding defendant attorney's fees in the amount of $3,705. We reverse.

A court may award attorney's fees as a penalty for frivolous conduct (*see* 22 NYCRR 130-1.1 [a]). As relevant to this appeal, "conduct is frivolous if . . . it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]). In our view, plaintiff's conduct was not frivolous because it was not

completely without merit.

Although leave to amend pleadings ordinarily is "freely given upon such terms as may be just" (CPLR 3025 [b]), "leave 'should not be granted where . . . the proposed amendment lacks merit' " (*Oneida Indian Nation v Hunt Constr. Group, Inc.*, 108 AD3d 1195, 1196). Here, defendant sought leave to amend its answer to assert an affirmative defense based on the immunity afforded to landowners who permit others to use their property for certain enumerated recreational activities (*see* General Obligations Law § 9-103). In opposition to defendant's motion, plaintiff contended that the proposed affirmative defense lacked merit because such immunity generally does not extend to a government entity that operates and maintains property that is kept open to the public for those enumerated activities (*see Ferres v City of New Rochelle*, 68 NY2d 446, 451-454; *Baker v County of Oswego*, 77 AD3d 1348, 1349). Thus, plaintiff's conduct was not frivolous inasmuch as she opposed defendant's motion on appropriate grounds and based her opposition on well-settled case law, regardless of whether plaintiff's opposition to the motion was unlikely to succeed (*see Matter of Bozer v Higgins*, 204 AD2d 979, 980).

Entered:  May 5, 2017                                    Frances E. Cafarell
                                                        Clerk of the Court