Fanelli v Upstate Cerebral Palsy, Inc. (2019 NY Slip Op 03171)





Fanelli v Upstate Cerebral Palsy, Inc.


2019 NY Slip Op 03171


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


133 CA 18-01434

[*1]MARY M. FANELLI, ADMINISTRATRIX ON BEHALF OF THE ESTATE OF MONICA URTZ, DECEASED, PLAINTIFF-RESPONDENT,
v
UPSTATE CEREBRAL PALSY, INC., KAYLA TAFT, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






GOLDBERG SEGALLA LLP, SYRACUSE (HEATHER K. ZIMMERMAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
JOHN J. RASPANTE, UTICA, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered June 6, 2018. The amended order granted plaintiff's motion for leave to amend the complaint. 
It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Plaintiff commenced this action seeking damages for decedent's wrongful death and conscious pain and suffering. Because decedent, who suffered from developmental disabilities, was unable to chew and swallow normally, specific protocols were in place to prevent her from choking on her food. Despite those protocols, decedent died after choking on a doughnut while in defendants' care. In her complaint, plaintiff alleged that defendants were negligent in failing to employ the required protocols. Plaintiff later moved for leave to amend the complaint to add a cause of action for gross negligence and a demand for punitive damages. We agree with defendants-appellants that Supreme Court abused its discretion in granting the motion (see Wojtalewski v Central Sq. Cent. Sch. Dist., 161 AD3d 1560, 1561 [4th Dept 2018]). Although leave to amend a pleading, as a general rule, should be freely granted (see CPLR 3025; Baker v County of Oswego, 77 AD3d 1348, 1350 [4th Dept 2010]), here we conclude that the proposed amendment is patently meritless because plaintiff's allegations sound only in ordinary negligence (see Carthon v Buffalo Gen. Hosp. Deaconess Skilled Nursing Facility Div., 83 AD3d 1404, 1405 [4th Dept 2011]; see generally Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823-824 [1993]). We therefore reverse the amended order and
deny the motion.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court