■ Patrick Sena et al., Respondents, v Town of Green-field, Appellant, et al., Defendants. [664 NYS2d 183] —Casey, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered September 30, 1996 in Saratoga County, upon a verdict rendered in favor of plaintiffs against defendant Town of Greenfield.

Plaintiff Patrick Sena (hereinafter plaintiff), a 46-year-old father of two sons, was injured on January 22, 1989, while sledding down a hill in the Town of Greenfield, Saratoga County. The accident occurred on plaintiff's first ride that day down the hill when, he claims, the sled struck a brownish protruding area that threw him and his son, who was riding on his back, aloft. Plaintiff sustained serious injury when his son landed on his pelvic area, causing, among other injuries, a spinal fracture.

As a consequence, plaintiff and his wife, derivatively, sued defendant Town of Greenfield (hereinafter defendant) and the manufacturer of the sled that plaintiff was using. Plaintiffs also commenced a second action against defendant Albany Medical Center Hospital and the surgeon who treated him for his injuries. The two actions were consolidated. Plaintiffs subsequently settled with the hospital and the surgeon, and the action against the manufacturer of the sled was discontinued before trial. Defendant's motion for summary judgment based on the immunity afforded defendant by General Obligations Law § 9-103 (1) (a) was denied. After a jury trial, defendant was found totally liable for plaintiff's injuries and plaintiffs were awarded $810,000 for past pain and suffering, $2,500,000 for future pain and suffering, $180,000 for past derivative losses and $250,000 for future derivative losses. Although Supreme Court denied plaintiffs' posttrial motion to set aside the verdict as against the weight of the evidence, it found the award for future pain and suffering excessive and reduced it to $1,000,000. Defendant now appeals.

Although defendant did not appeal the denial of its motion for summary judgment, such denial "is res judicata of nothing except that summary judgment was not warranted" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book

7B, CPLR C3212:21, at 327; *see, Gargiulo v Oppenheim*, 95 AD2d 484, 492, *affd* 63 NY2d 843). Consequently, Supreme Court was not precluded from directing an appropriate verdict after trial. It is our opinion that General Obligations Law § 9-103 applies to this action and relieves defendant from all liability, compelling the reversal of the judgment in its entirety. Plaintiffs have attempted to avoid the limited liability afforded defendant by this statute by likening the area where the accident occurred to the supervised public park facilities present in *Ferres v City of New Rochelle* (68 NY2d 446). The record testimony and the type of area where plaintiff was injured clearly dispels such a position.

The property involved here is a large tract of generally unimproved land estimated at between 12 and 20 acres which adjoins defendant's highway garage. The two or three structures located on this land are used mainly for storage and maintenance of Highway Department equipment. The vacant land behind these structures is used mainly for the storage of materials and heavy road equipment. Up until the 1970s, the Highway Department had removed sand and gravel from the site for highway maintenance and repairs. As a result, a "gravel pit" developed causing defendant's inhabitants to refer to the site as the "gravel pit" or "gravel bank". At about 300 or 400 yards from this pit, some people had scoped out a baseball field and erected a pavilion-like shed. No building permit or approval of this baseball field was obtained from defendant. In any case, these limited improvements do not change the character of this land to a regularly supervised public recreational facility, which would make the provisions of General Obligations Law § 9-103 inapplicable (*see, Wilkins v State of New York*, 165 AD2d 514, 517).

In 1988, at the urging of a Town Board member and others, the Highway Superintendent agreed to have his employees grade the "gravel pit" to make it less steep and more suitable for sledding. Far from creating a regularly supervised public recreational facility, this grading simply indicated that defendant was affording permission to its residents and others to sled there and that the "gravel pit" as graded was suitable for that purpose. This determination of general suitability for the recreational activity pursued is a question of law for the court (*see, Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 552). Although defendant graded this hill and knew it would be used for sledding, it did not advertise its use as such or charge a fee.

In *Bragg v Genesee County Agric. Socy. (supra)*, the Court of Appeals mandated the application of General Obligations Law

§ 9-103 to a similar situation when it stated that "if the plaintiff is engaged in a recreational activity enumerated in the statute [which includes sledding] and the land is conducive and appropriate for the chosen type of recreation, the statutory purpose is fully realized because suitable land is opened up to those who engage in activities deemed worthy of pursuit" (*id.*, at 551). In *Sega v State of New York* (60 NY2d 183, 190 n 2), the Court of Appeals permitted the application of General Obligations Law § 9-103 on appeal where that section applied to the underlying facts and circumstances under the *Bragg* test, even though that statute had not been applied to the case at the trial level. In the same manner, General Obligations Law § 9-103 should be applied on this appeal since all of the statutory conditions have been met. Where, as here, the statute applies and plaintiffs have not demonstrated that defendant's conduct was willful or malicious, the judgment must be reversed and the complaint dismissed (*see, Bragg v Genesee County Agric. Socy., supra*).

Crew III and White, JJ., concur.

Mikoll, J. P. (dissenting). We respectfully dissent.

The jury's verdict should be affirmed. The protection of General Obligations Law § 9-103 (1) (b) was properly foreclosed to Town of Greenfield (hereinafter defendant). The evidence disclosed that defendant had a Town park located on Bockes Road. There was a sign posted there designating the area as a Town park. It included a pavilion and a baseball field. Defendant had declared the area to be a Town park by Town Board resolution. Although defendant had not fully implemented its master plan for the park, it had obviously incorporated the sledding hill into the park area. The area was graded by the Town Superintendent to be used for sledding and the Town Board officially sanctioned such use with the proviso that a sign be posted indicating that participation was at one's own risk. Defendant had elected to use the area as a Town park pursuant to Federal mandate which required that once the mining for gravel ceased, the area was to be reclaimed.

The evidence also disclosed that defendant's Highway Superintendent checked the area regularly and supervised his employee in cutting down the steepness of the hill by regrading it. He then informed the Town Board that the hill was ready for sledding. The record supports the conclusion that this was a supervised Town park and that the defense of General Obligations Law § 9-103 was unavailable to defendant (*see, Ferres v City of New Rochelle*, 68 NY2d 446, 454).

Defendant clearly owed plaintiff Patrick Sena (hereinafter

plaintiff) a duty of care which it breached and said breach was a substantial cause of plaintiff's injuries (*see, P.W.B. Enters. v Moklam Enters.*, 221 AD2d 184). Defendant's contention that Supreme Court should have ruled, as a matter of law, that plaintiffs were barred from recovery in this case because plaintiff, by voluntarily participating in a recreational sport, assumed the risk of injury resulting from natural objects was properly rejected. The assumption of risk defense will not bar recovery by a plaintiff but is rather an element in determining the proportion of culpable conduct by a jury (*see, Cornell v City of Albany*, 199 AD2d 756, 757). Although it was not defendant's duty to make conditions perfectly safe on the sledding slope, there was an obligation on defendant's part to make them as safe as they appeared to be (*see, Giordano v Shanty Hollow Corp.*, 209 AD2d 760, *lv denied* 85 NY2d 802).

The evidence indicates that on the day in question the hill was very bumpy. Witnesses testified that numerous stumps, stones and other debris were on the hill. Plaintiff's sled flew some 18 to 20 inches off the ground, throwing plaintiff and his son off the sled. The son landed on plaintiff's pelvis. Plaintiff testified that he saw tree roots, rocks and debris showing through the snow once he started sledding down which were not visible beforehand. Plaintiff had never sledded down the slope before. The defect which caused plaintiff to become airborne was described as being a mound, browner than the surrounding area, which was not apparent from the top of the hill. We conclude that the jury could find from the evidence that defendant was liable for plaintiff's injuries by failing to render the hill as safe as it appeared to be and/or permitting people to sled on the slope when it was unsafe to do so.

Considering the gravity of plaintiff's injuries, the long period of treatment and recuperation, his pain and the permanency of his injuries which have impacted adversely and significantly on his life, we conclude that the jury verdict, as modified by Supreme Court, is reasonable compensation for plaintiff's injuries.

The judgment of Supreme Court should be affirmed.

Spain, J., concurs. Ordered that the judgment is reversed, on the law, without costs, and complaint dismissed.