OPINION OF THE COURT
 

 Ciparick, J.
 

 Plaintiff Patrick Sena was injured while sledding with his son on property owned by defendant Town of Greenfield. We must decide whether defendant Town may avoid liability for plaintiffs injuries by invoking the statutory immunity afforded by General Obligations Law § 9-103. Because we conclude that the hill where the accident occurred was part of a supervised public park not within the ambit of General Obligations Law § 9-103 immunity, we reverse the order of the Appellate Division.
 

 Plaintiff Patrick Sena was injured on January 22, 1989, while sledding down a hill situated on property owned by defendant Town of Greenfield. The accident occurred on plaintiffs first ride down the hill that day. Plaintiff, then 49, was sledding with his seven-year-old son when the sled (described as a simple sheet of molded plastic with no runners or steering capability) struck a brownish mound which threw him and his son into the air. When they hit the ground, plaintiffs son landed on plaintiffs pelvis, causing serious injuries, including a spinal fracture.
 

 Plaintiff and his wife thereafter brought suit in Supreme Court against defendant Town and the manufacturer of the sled. A second action by plaintiffs against defendant Albany Medical Center and the surgeon who treated plaintiff for his injuries was consolidated with the instant action; before trial, plaintiffs settled their dispute with the medical center and surgeon, and discontinued their action against the sled manufacturer. Prior to trial, defendant moved for summary judgment dismissing the complaint, arguing that, as a matter of law, the provisions of General Obligations Law § 9-103 im
 
 *614
 
 munized it from liability for plaintiffs injuries. Defendant’s motion was denied, and defendant did not appeal from the denial of summary judgment.
 

 After a jury trial on the question of who was at fault in causing plaintiffs injuries, defendant was found 100% liable, and the jury awarded plaintiffs $810,000 for past pain and suffering, $2.5 million for future pain and suffering, $180,000 for past derivative losses, and $250,000 for future derivative losses. The trial court denied defendant’s posttrial motion to set aside the verdict as against the weight of the evidence, but found the award for plaintiffs future pain and suffering excessive and reduced it to $1 million. The trial court specifically noted that defendant presented very little evidence
 
 at trial
 
 on the issue of whether the property was a supervised public park. The jury had not been charged on the issue of the applicability of General Obligations Law § 9-103, nor was the jury asked to decide if the property was a supervised public park or recreational facility, these being legal issues for the court to decide.
 

 By a divided vote, the Appellate Division reversed, on the law, and dismissed the complaint (244 AD2d 679). The majority found that the hill (a former gravel pit) upon which plaintiff was injured had been opened by the Town to the public for sledding free of charge, making formerly unsuitable land suitable for recreational purposes within the contemplation of the provisions of General Obligations Law § 9-103, and that defendant should be relieved of any liability for plaintiffs injuries. The majority also found that improvements made by Town to the property did not change the character of the land to a regularly supervised public park or recreational facility as defined in
 
 Ferres v City of New Rochelle
 
 (68 NY2d 446).
 

 Two Justices dissented, on the law, concluding that the Town-owned property in question was a supervised public park, so that defendant could not rely on General Obligations Law § 9-103 to escape liability. In support of this conclusion, the dissenting Justices maintained that:
 

 “Defendant had declared the area to be a Town park by Town Board resolution. * * * The area was graded by the [Highway] Superintendent to be used for sledding and the Town Board officially sanctioned such use with the proviso that a sign be posted indicating that participation was at one’s own risk. * * *
 

 
 *615
 
 “The evidence also disclosed that defendant’s Highway Superintendent checked the area regularly and supervised his employee in cutting down the steepness of the hill by regrading it. He then informed the Town Board that the hill was ready for sledding. The record supports the conclusion that this was a supervised Town park and that the defense of General Obligations Law § 9-103 was unavailable to the defendant”. (244 AD2d, at 681.)
 

 Plaintiffs appeal to this Court as of right pursuant to CPLR 5601 (a), and we now reverse.
 

 General Obligations Law § 9-103 “ ‘grants immunity for ordinary negligence to landowners who permit members of the public to come on their property to engage in several enumerated recreational activities’ ”
 
 (Albright v Metz,
 
 88 NY2d 656, 661-662, quoting
 
 Bragg v Genesee County Agric. Socy.,
 
 84 NY2d 544, 546-547), including “tobogganing” and “sledding.” The statute was promulgated to encourage property owners
 
 *
 
 to permit persons to come on their property to engage in specified recreational activities, without fear of liability for injuries suffered by recreationists
 
 (see, Farnham v Kittinger,
 
 83 NY2d 520, 523;
 
 Ferres v City of New Rochelle, supra,
 
 68 NY2d, at 451). Thus the Legislature, in drafting the statute, intended a
 
 quid pro quo,
 
 whereby property owners would be granted statutory immunity in return for permitting recreationists access to their undeveloped land
 
 (see, Farnham v Kittinger, supra,
 
 83 NY2d, at 523;
 
 Ferres v City of New Rochelle, supra,
 
 68 NY2d, at 454).
 

 When General Obligations Law § 9-103 applies, in order to be successful, “plaintiff must prove that the defendant willfully or maliciously failed to guard or warn against a dangerous condition, use, structure or activity. The defendant’s negligence, if any, is immaterial”
 
 (Sega v State of New York,
 
 60 NY2d 183, 192). In general, the statute is properly applied where “ ‘(1) the plaintiff is engaged in one of the activities identified in section 9-103 and (2) the plaintiff is recreating on land suitable for that activity’ ”
 
 (Albright v Metz, supra,
 
 88 NY2d, at 662, quoting
 
 Bragg v Genesee County Agric. Socy., supra,
 
 84 NY2d, at 551-552).
 

 The statute does
 
 not
 
 apply, however, to immunize, a municipality from liability for its failure to fulfill its duty of reasonable care in the operation and maintenance of a
 
 *616
 
 supervised public park and recreational facility
 
 (Ferres v City of New Rochelle,
 
 68 NY2d 446,
 
 supra).
 
 Where a municipality has already opened land for supervised recreational use, the statute’s intended purpose of encouraging the landowner to make its property available for public use would not be served
 
 (see, id.,
 
 68 NY2d, at 454). In such a case, the municipality has already assumed a duty to act reasonably in maintaining the facility in a reasonably safe condition in view of all the circumstances
 
 (see, id.; Preston v State of New York,
 
 59 NY2d 997, 998), and to extend it immunity under section 9-103 in its supervised recreational facility would lead to the anomalous result of defendant’s liability for injuries suffered there by recreationists depending upon whether the recreationist was engaged in one of the activities which happens to be enumerated in the statute
 
 (see, Ferres v City of New Rochelle, supra,
 
 68 NY2d, at 454). Moreover, since public access to parks is good and desirable and serves the general welfare
 
 (see, Bragg v Genesee County Agric. Socy., supra,
 
 84 NY2d, at 550), a municipality has a compelling, independent motivation to provide public access to its supervised parks above and beyond any incentive offered by statutory immunity under section 9-103
 
 (see,
 
 Mem of NY Law Rev Commn, Bill Jacket, L 1956, ch 842, at 22-23).
 

 In the instant case, the hill where plaintiff was injured was part of a Town park which was supervised and held out to the public for sledding in such a way as to make it inappropriate for the Town to enjoy immunity under section 9-103 for injuries proximately caused by its negligent maintenance or operation of the site.
 

 The sledding hill was located on a large tract of land estimated in area at some 12 to 20 acres. The tract included a baseball field and pavilion, and by resolution the Town Board had declared the area to be a Town park. Part of the land had long been used by the Town Highway Department for storage and maintenance of its equipment, and up until the 1970’s, the Highway Department had drawn sand and gravel from one area which became known as the “gravel pit.” In 1988, the Greenfield Town Board directed the Town Highway Superintendent to grade the “gravel pit” to make it less steep and suitable for sledding, in keeping with the Board’s general plan to enhance the park’s recreational facilities.
 

 By January of 1989, the hill had been graded and was being used for sledding. In keeping with his official duties, the Highway Superintendent routinely inspected the hill, and
 
 *617
 
 became alarmed when he observed children flying down the hill and being thrown from their sleds and bruised. The Highway Superintendent contacted the Town Supervisor and urged him to shut the hill down. The Town Supervisor initially complied, but appears to have been overruled by the Town Board, as the Highway Superintendent was soon instructed to reopen the hill for sledding. Plaintiff and his family attended a sleigh riding party held at the hill on January 22, and yielding to his young son’s repeated requests that they sled down the hill together, plummeted down the hill and was gravely injured.
 

 These facts amply demonstrate that, contrary to the holding of the Appellate Division below, the hill was part of a supervised public park, and so was outside of the scope of General Obligations Law § 9-103 immunity. Under these circumstances, plaintiff was entitled to expect that the Town would exercise reasonable care to prevent injuries to members of the public who were using the hill as intended — for sledding (see,
 
 English v City of Albany,
 
 235 AD2d 977; see
 
 also, Le Roux v State of New York,
 
 307 NY 397, 404). Consequently, the Appellate Division erred as a matter of law in concluding that section 9-103 applied to immunize the Town from liability for plaintiff’s injuries.
 

 Although we reverse the order of the Appellate Division, we are constrained by this case’s procedural posture from simply reinstating the jury’s verdict. Because it dismissed plaintiff’s complaint on the basis of General Obligations Law § 9-103 immunity, the Appellate Division did not reach or consider other issues raised. We must therefore remit the case for consideration of those issues and for consideration of the facts pursuant to CPLR 5612 (a) and 5613.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate Division for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Wesley concur.
 

 Order reversed, etc.
 

 *
 

 In addition to owners, the statute by its terms also applies to lessees and occupants of premises. As the instant case only involves defendant Town as landowner, we employ only that term in today’s opinion.