■ In the Matter of LEONA GIBBS, Individually and as Mother and Natural Guardian of JUSTIN GIBBS, an Infant, Respondent, v MICHAEL D'ANGELO et al., Appellants. [695 NYS2d 833] —Order unanimously reversed on the law without costs, motions granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendants' motions for summary judgment dismissing the complaint. After the Town of Hamlin advised defendant Michael D'Angelo that trash was being dumped on his property, D'Angelo directed his employee, defendant Kenneth Gay, to construct a chain barrier across the road to bar access to the property. The chain was painted with fluorescent paint, orange on the road side and green on the property side. Plaintiff's son, age 14, drove into the chain while riding a motor bike on D'Angelo's property. Defendants established that D'Angelo did not owe a duty "to keep the premises safe for entry or use by others for * * * motorized vehicle operation for recreational purposes * * * or to give warning of any hazardous condition or * * * structure * * * on such premises to persons entering for such purposes" (General Obligations Law § 9-103 [1] [a]). Gay, as D'Angelo's agent, also is protected by the statute (*see*, *Albright v Metz*, 88 NY2d 656, 665). Even assuming, arguendo, that the green paint camouflaged the chain as plaintiff contends, we conclude that any negligence in that regard is immaterial (*see*, *Sega v State of New York*, 60 NY2d 183, 192). Plaintiff failed to submit proof

in evidentiary form that defendants willfully or maliciously failed to guard or warn against a dangerous condition (*see*, General Obligations Law § 9-103 [2] [a]). (Appeal from Order of Supreme Court, Monroe County, Polito, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Scudder and Balio, JJ.