■ SHAWANGUNK RESERVE, Appellant, v COUNTY OF ULSTER et al., Respondents. [727 NYS2d 493] —Rose, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered April 3, 2000 in Ulster County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

In 1999, after defendant County of Ulster acquired title to numerous properties as a result of real property tax delinquencies, the County treasurer was authorized to sell the properties at public auction. The County then entered into an agreement with its villages whereby the properties would be sold free of village tax liens and the County would satisfy such liens out of the sale proceeds. This arrangement was not disclosed in the

County's advertising, but the auction brochure stated that "[b]idders should be aware that where property is located in a village there is the possibility of liens existing by reason of non-payment of village taxes."

Intent on bidding for two of the County's parcels, Peter Bienstock, plaintiff's majority stockholder and sole officer, calculated the maximum amounts that plaintiff would bid on the parcels based upon the amount of County taxes owed and the amount of recorded village tax liens. Bienstock then arranged for an agent to bid on plaintiff's behalf and left the country. At the beginning of the auction, the County treasurer announced that parcels lying within a village would be sold free of unpaid village taxes, with the redemption amount for each parcel being increased by the amount of such taxes. Allegedly due to this change and the lack of authority of plaintiff's agent to bid more than the amounts specified by Bienstock, defendant Michalski, Raphael, Shulkin & Orcut (hereinafter Michalski) successfully bid greater amounts and obtained the parcels.

Plaintiff commenced this action to set aside the sales on the ground of estoppel, claiming that it relied to its detriment on the published parcel redemption amounts which failed to include the unpaid village taxes added at the auction. Defendants separately moved for summary judgment and plaintiff cross-moved for summary judgment. Supreme Court granted defendants' motions after determining that the County was not estopped because it was acting in its governmental capacity.

As framed by plaintiff's appeal, the pivotal issue here is whether the County acted in its governmental or proprietary capacity in conducting the public auction, for it is well settled that the doctrine of estoppel does not generally apply to a municipality acting in its governmental capacity (*see*, *Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, 282, *appeal dismissed and cert denied* 488 US 801; *Messinger v Yap*, 203 AD2d 870, 872; *Matter of Nekoosa Papers v Chu*, 115 AD2d 821, 823). "A distinction between acts in the performance of a governmental function and those in the performance of a proprietary function is that in the case of the former the municipality is executing its legislative mandate with respect to a public duty generally, while in the latter it is exercising its private rights as a corporate body [citation omitted]" (*Matter of County of Monroe*, 131 AD2d 74, 78, *affd* 72 NY2d 338; *see*, *Johnson City Cent. School Dist. v Fidelity & Deposit Co.*, 272 AD2d 818, 820). It is beyond cavil that taxation and the collection of unpaid taxes are uniquely governmental functions (*see*, *City of Buffalo v State Bd. of Equalization & Assessment*, 26

AD2d 213, 215; *see also, Matter of Town of Moreau v County of Saratoga*, 142 AD2d 864, 866).

Even if the County were acting in its proprietary capacity, plaintiff still could not prevail because it did not "demonstrate that [the County] made a clear and unambiguous promise, upon which [plaintiff] reasonably relied, to its detriment" (*Freedman & Son v A.I. Credit Corp.*, 226 AD2d 1002, 1003). The County's published redemption amounts and the auction brochure statement quoted above did not misrepresent the facts for, when taken together, they accurately accounted for all taxes owing on the properties. Nor did these statements constitute a "clear and unambiguous" promise that bidders could purchase the properties for the redemption amount subject to village taxes. In this regard, it is significant that plaintiff does not allege that the total amounts of unpaid taxes exceeded what it was willing to pay, but only that the County failed to give it advance notice that the redemption amounts would be increased at auction to include village taxes. Thus, the County did not make a promise on which plaintiff reasonably relied, and plaintiff's remaining arguments fail to lead us to a contrary conclusion.

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.