OPINION OF THE COURT
Joseph D. McGuire, J.
The court is called upon to determine if a municipality is entitled to the conditional immunity of the recreation use statute for an injury arising out of a snowmobile accident that happened on a groomed trail and town highway, a part of which was opened only for seasonal use. Responsibility of the private group that groomed the trail must also be decided on this unique set of undisputed facts.
Plaintiffs commenced this action to recover damages for personal injuries suffered by plaintiff Wayne L. Blount in a snowmobile accident. Plaintiff Brenda Blount seeks damages for loss of services of her spouse. Defendant Club Timberview, Inc. (Timberview) has presented a motion seeking an order granting summary judgment (CPLR 3212) on the grounds of immunity under the recreational use statute (General Obligations Law § 9-103), and assumption of risk as a matter of law. Defendant Town of West Turin (Town) has filed a motion for summary judgment (CPLR 3212) alleging municipal immunity under the same law (General Obligations Law § 9-103).
Background Facts
On January 6, 2001, at about 2:40 in the afternoon, plaintiff Wayne L. Blount was operating a snowmobile on a trail in the Town of West Turin, New York. The snowmobile trail .is maintained by defendant Timberview pursuant to a verbal agreement between it and the defendant Town. The trail is on an unplowed, seasonally maintained portion of the Michigan Mills Road, a town highway.
Mr. Blount was passing other snowmobilers and struck a snowbank in the left side of the trail, lost control of his snowmobile, and suffered personal injuries, including a broken leg.
*894 The accident occurred at a point where the snowmobile trail on the seasonally maintained area meets the plowed Michigan Mills Road. The Town plowed the snow on the maintained part of Michigan Mills Road earlier on the day of the accident. Timberview groomed the snowmobile trail on the seasonally maintained part the morning before the accident. The snowmobile trail was 18 to 20 feet wide. Some of the snowbanks created by the Town plowing of the road extended into the width of the groomed snowmobile trail to create a narrowing of the width and a surface elevation. Plaintiff Wayne L. Blount did not see the portion of the banks that protruded onto the trail before he hit the bank as he was passing the other snowmobiles.
Michigan Mills Road is a plowed highway designated by the Town for snowmobiling. A portion of Michigan Mills Road is unplowed and is a designated seasonal road not open to vehicular traffic in winter months, although it is open for snowmobiling.
Discussion
A. General Obligations Law.
Defendants Town and Timberview argue that the plaintiffs’ claims are barred by the provisions of the recreation use law that require a showing of more than common-law negligence to impose liability (General Obligations Law § 9-103). Plaintiffs argue that the statute does not apply because the accident happened on a public highway and as a result, such an area is removed from those recreation lands designed to be protected by the legislative intent of the statute.
Liability in a negligence action involving a landowner requires examination of the scope of the duty owed to the injured party. “A landowner must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.” (Basso v Miller, 40 NY2d 233, 241 [1976] [internal quotation marks omitted].)
The common-law rule is qualified, however, if an injured party is engaged in certain specified recreational activities, including snowmobiling (General Obligations Law § 9-103). In those cases involving the specified uses, the injured party must show willful or malicious conduct in order to recover, or show that a responsible party was compensated and derived some economic benefit from permitting the recreational use on the property (General Obligations Law § 9-103 [2] [a], [b]; see also Iannotti v Consolidated Rail Corp., 74 NY2d 39 [1989]).
*895 1. Applicability to Timberview.
The recreation use statute applies to landowners, lessees and occupants (General Obligations Law § 9-103; see Albright v Metz, 88 NY2d 656 [1996]; Weller v Colleges of Senecas, 261 AD2d 852 [1999]). It is alleged that Timberview is authorized to be on the property in its role as a private not-for-profit group maintaining the snowmobile trail, and plaintiff has not provided any factual dispute on this issue. It is clear “authorized presence on the premises [is] sufficient to bring it within the meaning of occupant in the statute.” (Albright, 88 NY2d 656, 665 [1996].) The statute was designed to encourage recreation by protecting those who might otherwise not take the risk of liability for such activities on the land (see Farnham v Kittinger, 83 NY2d 520 [1994]; Ferres v City of New Rochelle, 68 NY2d 446 [1986]; Bragg v Genesee County Agric. Socy., 84 NY2d 544 [1994]; Sena v Town of Greenfield, 91 NY2d 611, 615 [1998]). Timberview falls squarely within this purpose.
The court finds Timberview is an occupant to whom the statute applies, and for Timberview to be liable, plaintiff must satisfy the higher burden of showing malicious or willful conduct.
2. Applicability to Town.
In those cases where the recreation activity takes place on municipally owned property, and the area is a highway, such as here, a close examination of the scope of duty is needed.
If the government operates, maintains and supervises the particular recreational activity, it owes the injured party the same duty of care that governs common-law negligence (see Sena, 91 NY2d 611 [1998]; Ferres, 68 NY2d 446 [1986]). The recreation use qualification does not allow the lower standard of care in such a situation (Sena, 91 NY2d 611 [1998]; Ferres, 68 NY2d 446 [1986]).
With regard to highway liability, the general rule imposes a duty on government for ordinary negligence if it does not keep its roads in a reasonably safe condition (Highway Law § 102; Friedman v State of New York, 67 NY2d 271; Lopes v Rostad, 45 NY2d 617 [1978]), considering traffic, terrain, and fiscal practicality (Gutelle v City of New York, 55 NY2d 794 [1981]).
When acting in connection with highways, a municipality acts in a governmental role, that is, a traditional area not primarily reserved to private sector type activities that involve a proprietary role (see Lopes, 45 NY2d 617 [1978]; Miller v State of New York, 62 NY2d 506 [1984]; Balsam v Delma Eng’g Corp., *896 90 NY2d 966 [1997]). “A distinction between acts in the performance of a governmental function and those in the performance of a proprietary function is that in the case of the former the municipality is executing its legislative mandate with respect to a public duty generally, while in the latter it is exercising its private rights as a corporate body” (Shawangunk Reserve v County of Ulster, 284 AD2d 771, 722 [2001] [internal quotation marks and citations omitted]; see Matter of County of Monroe, 131 AD2d 74 [1987], affd 72 NY2d 338).
The particular activity in which the municipality is involved and the specific act of the municipality are partially determinative of the municipal role as governmental or proprietary (see Balsam, 90 NY2d 966 [1997]; Miller, 62 NY2d 506 [1984]; Brown v Speed, 302 AD2d 915 [2003]; Karedes v Colella, 187 Misc 2d 656 [2001]). There is no public duty to operate all recreation activities in the same sense that police, fire, road, water, sewer, or the like are involved.
When permitting an unsupervised recreation activity, a municipality is acting in its proprietary role for which it has the same duties as a landowner, and it is entitled to the same protections. When it is a supervised, maintained, and operated recreation activity, the municipality is acting in a governmental role, it has invited public participation, and it has a duty of reasonable care to those entitled to rely on the invitation.
The operation of snowmobiles on town roads is prohibited with certain specified exceptions (PRHPL 25.05). As a result, legal snowmobile operation on town road property requires municipal action. If the action is not taken, the town road is not deemed suitable for such operation. If not suitable, then the recreation use statute limitation on liability does not apply (see Albright, 88 NY2d 656 [1996]; Bragg, 84 NY2d 544 [1994]) and ordinary highway liability rules are involved that state that the road needs to be safe only for those lawfully operating on them (Tomassi v Town of Union, 46 NY2d 91 [1978]; see also Palloni v Town of Attica, 278 AD2d 788 [2000]).
Towns may take action by either (a) opening the road to snowmobiles (PRHPL 25.05 [5]), or (b) designating a road or portion of it as seasonal, in which case snowmobiling becomes a permitted activity (PRHPL 25.05 [7]; 25.09). When such action is taken, that action does not equate to supervision of the particular activity, and it does not equate to control. The situation is closer to those involving an awareness of activity rather than regulating, controlling, or specifically inviting recreating there (see Preston v State of New York, 59 NY2d 997 [1983]; *897 Hogarth v City of Syracuse, 238 AD2d 887 [1997]; contrast Sena, 91 NY2d 611 [1998]).
Further, the case here is not the same as a highway already open to the public on which the injury occurs while recreating incidentally ('Walters v County of Rensselaer, 282 AD2d 944 [2001]). Here, the highway was not already open to the particular activity. Further, the incentive of the statute’s liability limitation purpose can be said to be a factor in the municipal action. If the Town did not act, there could not be the recreating that took place. If it did not act, snowmobiling would not be encouraged and the legislative purpose could be frustrated. The quid pro quo of the legislative scheme (that is, take action to allow the recreation and you have conditional immunity) appears as a probable factor in the municipal action (see Sena, 91 NY2d 611 [1998]; Ferres, 68 NY2d 446 [1986]; Farnham, 83 NY2d 520 [1994]).
It is an anomaly to think that in the exercise of fiscal restraint in declaring its road seasonal, the municipality could then be forced to expend additional funds to maintain a seasonal road safe for snowmobiling, a possibly greater expense. By allowing snowmobiles on such roads (PRHPL 25.05), the State Legislature must have been aware of the limitation on liability it had granted to towns as a landowner permitting a specified recreational use (General Obligations Law § 9-103).
Further, such seasonally maintained roads are often in sparsely populated areas. Application of the recreational use statute to such area is consistent with the purposes of the statute that originally was designed to apply to underdeveloped wilderness areas and still does so (General Obligations Law § 9-103).
Because it is consistent with the legislative purpose of the statute, the court concludes that the recreational use statute applies to town roads opened for snowmobiling by specific town action and to those opened for snowmobiling by town action in designating them for seasonal use. The judicially recognized exception of the statute for certain supervised municipal recreation activity does not apply here (Ferres, 68 NY2d 446 [1986]; Sena, 91 NY2d 611 [1998]).
3. Fact Issues.
The allegation against Timberview is that it was negligent in maintaining the trail. The allegation against the Town is that its plowing of the road was negligent and it did not warn *898 of a dangerous condition. Because of the finding that the recreation use statute applies, there must be a factual showing that the conduct was more than negligent, that it was “willful or malicious” (General Obligations Law § 9-103 [2] [a]). It is a “high-threshold demonstration” in light of the intent of the statute, and to be liable, the defendants’ actions “must be based on a showing of particular, not inferred, malice and willfulness and not on simple negligence” (Farnham, 83 NY2d 520, 529 [1994] [citations omitted]).
Defendants have set forth a basis for dismissal based on admissible evidence, including deposition testimony, that would warrant the court in directing judgment in their favor (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]). Plaintiffs have not presented any party affidavit or other evidentiary proof to create any issue of material fact (see Matter of Gibbs v D’Angelo, 265 AD2d 833 [1999]). The conduct here has not been shown to be willful, or malicious, or in any way an act more than mere negligence, if that. Plowing the road and maintaining the snowmobile trail in the manner as was done here is not a basis for recovery.
B. Assumption of Risk.
Plaintiffs oppose the effort to claim assumption of risk as a bar to their claim, arguing that defendant Timberview has not presented sufficient proof to eliminate material fact questions that they claim need evaluation by a jury.
An injured plaintiff is prevented from recovery if there is no duty owed by defendants because of the nature of the activity, usually involving sports, in which an injured party is a knowing, voluntary participant (see Maddox v City of New York, 66 NY2d 270 [1985]), or there is an express assumption of the risk (see Arbegast v Board of Educ., 65 NY2d 161 [1985]). Knowing, voluntary participation is primary assumption of risk, and recovery is barred notwithstanding any comparable fault by the named responsible party or parties (Turcotte v Fell, 68 NY2d 432 [1986]; Morgan v State of New York, 90 NY2d 471).
In sports activities, “a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation” (Morgan, 90 NY2d 471, 484). “[T]he doctrine of primary assumption of risk applies to recreational activities as well as organized sporting activities” (Utkin v Rademacher, 261 AD2d 840, 840 [1999] [citations omitted], lv dismissed 94 NY2d 796 [1999]; see also Morgan, 90 NY2d 471; Griffin v Lardo, 247 AD2d 825 [1998], lv denied 91 NY2d 814 [1998]).
*899 For example, in bicycle riding, hitting a tree root on a trail is not inherent in that recreation activity, it is not a known, apparent, or reasonable consequence of it, especially where the claimed responsible party had knowledge of the condition (Weller v Colleges of Senecas, 217 AD2d 280 [1995]). In sledding, being struck by a branch lying on the snow may raise an issue of fact whether this was a known, apparent, or reasonable consequence of the recreational activity (Heminway v State Univ. of N.Y., 244 AD2d 979 [1997], lv denied 91 NY2d 809 [1998]).
In the sport of downhill skiing, hitting a dirt patch on a ski trail is not inherent in that recreational activity for an inexperienced skier, and there are fact questions involved (Roberts v Ski Roundtop, 212 AD2d 768 [1995]); but it would be an inherent risk for an experienced skier with knowledge of such conditions in the spring skiing season (Hyland v State of New York, 300 AD2d 794 [2002]; see also Giordano v Shanty Hollow Corp., 209 AD2d 760 [1994], lv denied 85 NY2d 802 [1995]). Further, hitting a snow barrier while snow tubing is an inherent risk in that sport (Tremblay v West Experience, 296 AD2d 780 [2002]). In downhill skiing, those participating assume an inherent risk of injury that might be caused by ruts, bumps or variations in the conditions of the skiing terrain, unless there is an unreasonable increase or concealment involved (see General Obligations Law § 18-101).
A person who is injured while voluntarily participating in the recreation activity may not recover if the injuries were caused by an occurrence or condition which was a known, apparent or reasonably foreseeable consequence of the participation (Turcotte, 68 NY2d 432 [1986]; see also Benitez v New York City Bd. of Educ., 73 NY2d 650 [1989]; Owen v R.J.S. Safety Equip., 79 NY2d 967 [1992]).
The sport or recreation activity of snowmobiling contains certain inherent risks that may be caused by variations in the terrain or weather conditions. This is particularly true when the claimed offending object is a snowpile or accumulation of ice on a trail.
Absent concealed, unique, or unreasonably increased hazards: a baseball participant assumes risks of problems with the playing field and the objects used in the sport (see Maddox, 66 NY2d 270 [1985]; Rosenblatt v Kahn, 245 AD2d 438 [1997]; Sutfin v Scheuer, 74 NY2d 697 [1989]); a jockey assumes risks of problems with the track or the horse (Verro v New York Racing Assn., 142 AD2d 396 [1989]); a skier assumes risks of bare *900 spots (Hyland, 300 AD2d 794 [2002]; Giordano, 209 AD2d 760 [1994], lv denied 85 NY2d 802 [1995]; Calabro v Plattekill Mt. Ski Ctr., 197 AD2d 558 [1993]); a hiker assumes risks of holes and debris on the trail caused by natural geographical phenomenon (Coote v Niagara Mohawk Power Corp., 234 AD2d 907 [1996]); a golfer assumes the risk of being hurt by an object used in the sport (Griffin, 247 AD2d 825 [1998]; Havens v Kling, 277 AD2d 1017) or by the terrain on the course (Egeth v County of Westchester, 206 AD2d 502 [1994]); a wrestler assumes the risk of being hurt in a fall (Palozzi v Priest, 280 AD2d 986 [2001]).
Coming upon a snowbank on a snowmobile trail is not a concealed risk, it is not unique, it is not in any way any increase of the risk involved in the sport. Plaintiff was an experienced participant. Knowledge of the particular trail is not a factor, since general familiarity from past experience is sufficient to alert plaintiff to the dangers inherent in this winter recreation activity.
Defendant has come forward with evidentiary proof raising the issue of plaintiffs primary assumption of risk (Friends of Animals, 46 NY2d 1065 [1979]). Plaintiff has not controverted the argument by setting forth evidentiary materials to create a factual issue (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]). When the facts are presented as here, unrebutted, the question of whether hitting a snowbank or ice bank with a snowmobile while passing other vehicles becomes one of law for the court to determine.
The court determines that hitting a snowbank or ice bank, even a man-made one, is a risk inherent in snowmobiling when such snowmobiling is being done as a recreational activity.
This is not a situation where there was some type of active conduct by the owner, occupant or third person creating a duty independent of the condition of the land, which situations have on occasion resulted in some liability (see, e.g., Olson v Brunner, 261 AD2d 922 [1999], lv denied 94 NY2d 759 [2000]; Del Costello v Delaware & Hudson Ry. Co., 274 AD2d 19 [2000]), and which may arguably create a separate category of responsibility.
Further, this is not a comparative fault case in which the risk is only implied in the activity. Such comparative fault cases are reserved for those individuals who have limited or no previous experience in the sport, or who are totally unaware of its dangers or are lured by an offending party into nonconsensual participation.
*901 The Town has not moved for dismissal on the basis of primary assumption of risk, but were it to do so, the same conclusion that applies to Timberview would be reached as to the Town.
Conclusion
Based on the foregoing, it is ordered that the motion of defendant Club Timberview, Inc. for summary judgment on the grounds of primary assumption of risk and application of General Obligations Law § 9-103 is granted; and it is further ordered that the motion of defendant Town of West Turin for summary judgment on the grounds of application of General Obligations Law § 9-103 is granted; and it is further ordered that the complaint is dismissed.