■ In the Matter of LOU ANN PRZYDATEK, Respondent, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Appellants. [790 NYS2d 597]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered August 13, 2003 in a proceeding pursuant to CPLR article 78. The judgment granted the petition, annulled respondents' determination and remitted the matter to respondents for a new hearing and determination.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul respondents' determination affirming the decision of an administrative law judge "to immediately

suspend, revoke, and deny renewal of [petitioner's] group family day care license" on the ground that a transcript of the fair hearing had not been prepared before respondents' determination was rendered and thus that respondents' determination was based on an incomplete record. She also asserts that she was entitled to a transcript of the fair hearing in order to prepare her appeal. We conclude that Supreme Court erred in granting the petition. Although respondents contend for the first time on appeal that there is no statutory or regulatory requirement that a transcript be reviewed by respondent Commissioner or his designee before making a determination, we nevertheless address that contention because "[a] question of law appearing on the face of the record may be raised for the first time on appeal if it could not have been avoided by the opposing party if brought to that party's attention in a timely manner" (*Oram v Capone*, 206 AD2d 839, 840 [1994]; *see Matter of Remus v Board of Educ. for Tonawanda City School Dist.*, 277 AD2d 905 [2000], *affd* 96 NY2d 271 [2001]; *Wilkins v Huber*, 303 AD2d 986 [2003]).

We agree with respondents that neither the statutes nor the regulations required respondent Commissioner or his designee to review the transcript of the hearing before issuing his determination (*see* Social Services Law § 22; 18 NYCRR 413.5). The record must include the transcript or a recording of the hearing (*see* 18 NYCRR 413.5 [j] [2] [ii]), and it is undisputed that the record before respondents contained a tape recording of the hearing. The availability of the entire record is sufficient to satisfy due process requirements (*see e.g. Matter of Mauro v Division of Hous. & Community Renewal*, 250 AD2d 392, 392-393 [1998]). "[T]he extent to which independent study of the evidence in the record is necessary to the required exercise of informed judgment must be left to the wisdom and practical good sense of [respondent] Commissioner [or his designee]" (*Matter of Motell v Napolitano*, 186 AD2d 989, 990 [1992] [internal quotation marks omitted]; *see Matter of Wallace v Murphy*, 21 NY2d 433, 438 [1968], *mot to amend remittitur granted* 22 NY2d 879 [1968], *rearg denied* 22 NY2d 884 [1968]).

We further agree with respondents that they were not required to create a transcript of the hearing at petitioner's request. The hearing was electronically recorded and petitioner was offered a copy of the tape upon request. Thus, respondents complied with State Administrative Procedure Act § 302 (2).

We therefore reverse the judgment and dismiss the petition. Present—Pine, J.P., Hurlbutt, Scudder, Martoche and Lawton, JJ.