■ MARK RASHFORD, Respondent, v CITY OF UTICA, Appellant. (Action No. 1.) CYNDIE JONES, as Parent and Natural Guardian of SABRA JONES, an Infant, Respondent, v CITY OF UTICA, Appellant. (Action No. 2.) [803 NYS2d 453]—

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered June 30, 2004 in a personal injury action. The order, insofar as appealed from, denied defendant's motions for summary judgment dismissing the complaints.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Mark Rashford, the plaintiff in action No. 1, and Cyndie Jones, the plaintiff in action No. 2, commenced these actions to recover damages for injuries sustained by Rashford and Sabra Jones, the daughter of Cyndie Jones, while snow tubing at a facility owned and operated by defendant. Supreme Court properly denied defendants' motions for summary judgment dismissing the complaints pursuant to General Obligations Law § 9-103. Although the immunity from liability afforded by that statute may in certain instances be available to municipal defendants (*see generally Sega v State of New York*, 60 NY2d 183, 190-191 [1983]), it does not apply to defendant herein because "the hill where the accident occurred was part of a supervised public park not within the ambit of General Obligations Law § 9-103 immunity" (*Sena v Town of Greenfield*, 91 NY2d 611, 613 [1998]; *see generally Ferres v City of New Rochelle*, 68 NY2d 446, 451-455 [1986]). "The determinative inquiry with respect to the applicability of the statutory grant of immunity here concerns the role of defendant in relation to the public's use of the park" (*Myers v State of New York*, 11 AD3d 1020, 1021 [2004]). Contrary to defendant's contention, the record establishes that defendant created and supervised the park in question for the purpose of winter recreation and provided numerous amenities within the park, including a sledding hill. Indeed, the record establishes that defendant actively encouraged sledding in the park.

Defendant's further contention with respect to primary assumption of the risk is raised for the first time on appeal and is not properly before us (*see Ring v Jones*, 13 AD3d 1078, 1079 [2004]; *Oram v Capone*, 206 AD2d 839 [1994]; *cf. Matter of Przydatek v New York State Off. of Children & Family Servs.*, 13 AD3d 1102). We have considered defendant's remaining conten-

tions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.