■ DAVID SCHIFF et al., Respondents, v STATE OF NEW YORK, Appellant. [818 NYS2d 597]—

In a claim to recover damages for personal injuries, etc., the defendant appeals from an order of the Court of Claims (Lack, J.), dated September 30, 2004, which granted the claimants' motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

On July 20, 2002 the claimant David Schiff (hereinafter the injured claimant) was injured while canoeing on the Peconic River in Suffolk County. The accident occurred when the injured claimant disembarked from his canoe a short distance from the shore, and impaled his leg on a rusty metal rod submerged in about three feet of water. The site of the accident was the Edwards Avenue "fishing access location," owned by the State of New York and managed by the New York State Department of Environmental Conservation (hereinafter the Department) as part of the Otis Pike nature preserve. The record indicates that the prior owner of the site had erected a fence to prevent the public from portaging canoes, and that the Department purchased the property to reopen it for canoe portage. After acquiring the property, the Department constructed steps and a canoe slide in order to facilitate safe canoe portage. The Department maintained the site during the canoeing season by weekly visits to pick up trash and inspect, inter alia, for missing signs or broken fences, and also conducted yearly inspections to identify problems. Individuals wishing to canoe on the Otis Pike preserve were required to obtain permits.

Following the accident, the injured claimant and his wife filed a claim against the State, alleging that the accident had been caused by the State's negligence, which included maintaining a canoe launching site with construction debris embedded below the water surface. After learning of the accident, a Department employee waded into the river at the canoe launching site, and found a deeply embedded metal rod, which was subsequently winched out of the river bed. The rod was later discarded.

The claimants thereafter moved for summary judgment on the issue of liability, contending that the State had breached its duty as a landowner to maintain its property in a reasonably safe condition by allowing a "man-made hazard" consisting of a rusted metal rod, to be embedded in the river bed at a site where the public was invited to launch canoes. In opposition to the motion, the State argued that it was shielded from liability by General Obligations Law § 9-103, which exempts property owners from liability for ordinary negligence for injuries that occur while a person is engaged in certain enumerated recreational

activities. The State also contended that the injured claimant had assumed the risk of his injury by engaging in the recreational activity of canoeing. The Court of Claims granted the claimants' motion, finding that neither General Obligations Law § 9-103 nor the doctrine of assumption of risk applied under the circumstances of this case. The court also concluded that the State had constructive notice of the existence of the embedded rod because it had a duty to inspect the canoe launching site for underwater hazards.

On appeal, the State contends that this Court should search the record and award summary judgment in its favor because it is immune from liability pursuant to General Obligations Law § 9-103. We disagree. New York's recreational use statute, General Obligations Law § 9-103, grants property owners immunity from liability based on ordinary negligence if a person engaged in a listed recreational activity is injured while using their land (*see Sena v Town of Greenfield,* 91 NY2d 611 [1998]; *Bragg v Genesee County Agric. Socy.,* 84 NY2d 544 [1994]). The statute provides that "an owner, lessee or occupant of premises . . . owes no duty to keep the premises safe for entry or use by others" for a number of specified recreational activities, including canoeing. (General Obligations Law § 9-103 [1] [a].) The purpose of the recreational use statute is to encourage property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities (*see Iannotti v Consolidated Rail Corp.,* 74 NY2d 39, 43 [1989]; *Ferres v City of New Rochelle,* 68 NY2d 446, 451 [1986]). "The statute does *not* apply, however, to immunize a municipality from liability for its failure to fulfill its duty of reasonable care in the operation and maintenance of a supervised public park and recreational facility" (*Sena v Town of Greenfield, supra* at 615-616, citing *Ferres v City of New Rochelle, supra*). To extend immunity in such circumstances would not serve "the statute's intended purpose of encouraging the landowner to make its property available for public use . . . [and] would lead to the anomalous result of defendant's liability for injuries suffered there by recreationists depending upon whether the recreationist was engaged in one of the activities which happens to be enumerated in the statute" (*Sena v Town of Greenfield, supra* at 616).

Guided by these principles, we find that the court properly concluded, based upon the uncontradicted evidence submitted by the claimants, that General Obligations Law § 9-103 should not shield the State from liability for ordinary negligence. Here, the State exercised supervision over canoeing activities at the

Otis Pike preserve by requiring permits, regularly maintained the Edwards Avenue launching site during the canoeing season, and actively encouraged canoeing at the site by building steps and canoe slide to facilitate canoe portage. Under these circumstances, public access to the canoe launching site did not result from the incentive offered by General Obligations Law § 9-103 (*see Sena v Town of Greenfield, supra; Ferres v City of New Rochelle, supra; Bennett v Town of Brookhaven*, 233 AD2d 356 [1996]; *Baisley v State of New York*, 163 AD2d 502 [1990]).

Furthermore, we reject the State's contention that the injured claimant assumed the risk of the injury he sustained by engaging in the activity of canoeing. By voluntarily participating in a sport or recreational activity, "a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). However, the property owner continues to have a duty to "make the conditions as safe as they appear to be" (*Morgan v State of New York, supra* at 484), and protect the participant from "unassumed, concealed, or unreasonably increased risks" (*Manoly v City of New York*, 29 AD3d 649 [2006]; *see Lapinski v Hunter Mtn. Ski Bowl*, 306 AD2d 320 [2003]). We agree with the court's conclusion that the risk of stepping upon a submerged metal rod embedded in the river bed is not a risk inherent in canoeing, and, accordingly, that the doctrine of assumption of risk does not apply.

However, the court erred in finding, as a matter of law, that the State had a duty to inspect the river for submerged hazards, and that it had constructive notice of the embedded metal rod because its existence could have been discovered by such an inspection. Although a duty to inspect for underwater hazards has been recognized where the State invites the public to swim at a posted beach (*see Preston v State of New York*, 59 NY2d 997 [1983]), the State is not required "to scrutinize every square foot of riverbed and lakebottom that it owns" (*id.* at 998), and we decline to impose a duty upon the State to conduct an underwater inspection at a canoe launching site. Furthermore, as the State contends, the record reveals the existence of an issue of fact as to whether it caused, created, or had actual notice of the subject condition. While the claimants contend that the State should be precluded from maintaining that an issue of fact exists in this regard as a sanction for spoliation of evidence, this argument is raised for the first time on appeal, and is not properly before us (*see Laguesse v Storytown U.S.A.*, 296 AD2d 798 [2002]). Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.