■ Eric Celia, Respondent, v Town of Whitestown, Appellant. [896 NYS2d 774]—

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered April 15, 2009 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries that he allegedly sustained during a sledding accident in a park owned by defendant. Contrary to the contention of defendant, Supreme Court properly denied its motion for summary judgment dismissing the complaint. General Obligations Law § 9-103 does not "immunize a municipality from liability for its failure to fulfill its duty of reasonable care in the operation and maintenance of a supervised public park and recreational facility" (*Sena v Town of Greenfield*, 91 NY2d 611, 615-616 [1998]). Rather, that statute provides immunity to, inter alia, landowners who permit the public to engage in certain enumerated recreational activities on their property, including sledding (*see* § 9-103 [1] [a], [b]). "When the landowner is a government entity, . . . the appropriate inquiry is the role of the landowner in relation to the public's use of the property in determining whether it is appropriate to apply the limited liability provision of [that statute]" (*Quackenbush v City of Buffalo*, 43 AD3d 1386, 1387 [2007] [internal quotation marks omitted]). Here, "the immunity from liability afforded by that

statute . . . does not apply to defendant . . . because 'the hill where the accident occurred was part of a supervised public park not within the ambit of General Obligations Law § 9-103 immunity' " (*Rashford v City of Utica*, 23 AD3d 1000, 1001 [2005], quoting *Sena*, 91 NY2d at 613).

All concur except Peradotto and Lindley, JJ., dissent and vote to reverse in accordance with the following memorandum.

Peradotto and Lindley, JJ. (dissenting). We respectfully dissent and would reverse the order denying defendant's motion for summary judgment dismissing the complaint. We agree with defendant that it is entitled to immunity from liability pursuant to General Obligations Law § 9-103 inasmuch as its park was not "a supervised public park" within the meaning of the statute at the time of plaintiff's sledding accident (*Sena v Town of Greenfield*, 91 NY2d 611, 615-616 [1998]; *see Ferres v City of New Rochelle*, 68 NY2d 446, 449 [1986]).

In determining whether public property is "supervised" for the purposes of applying the limited liability provision of General Obligations Law § 9-103, "the appropriate inquiry is 'the role of the landowner in relation to the public's use of the property' " (*Blair v Newstead Snowseekers*, 2 AD3d 1286, 1288 [2003], *lv denied* 2 NY3d 704 [2004]). Here, the record establishes that there was a "significant difference between the activities and services provided [at the park] during the summer and those [during] the winter" (*Stento v State of New York*, 245 AD2d 771, 772 [1997], *lv denied* 92 NY2d 802 [1998]). Indeed, during the winter months, defendant did not assign any employees to the park and did not monitor or supervise sledding or any other activity at the park (*cf. Ferres*, 68 NY2d at 449). In addition, the restrooms and other park amenities were closed for the duration of the winter (*cf. id.*). Moreover, it is undisputed that defendant did not create, grade or groom the hill where the accident occurred for the purpose of sledding; rather, the hill was graded more than 20 years before plaintiff's accident in order to create athletic fields (*cf. Sena*, 91 NY2d at 616; *Rashford v City of Utica*, 23 AD3d 1000, 1001 [2005]). It is likewise undisputed that defendant did not inspect or maintain the hill during the winter months (*see Perrott v City of Troy*, 261 AD2d 29, 32 [1999]). We thus conclude that defendant established as a matter of law that it did not operate, maintain or supervise sledding or any other activity at the park during the winter (*see id.*). Although defendant plowed the parking area and the sidewalks during the winter months, that in our view does not rise to the level of supervision necessary to deprive defendant of the protection afforded by General Obligations

Law § 9-103. To the contrary, defendant established as a matter of law in support of its motion that its "role as a landowner changes so dramatically in the winter that it cannot reasonably be said to operate, maintain or supervise [the park] at that time of year" (*Stento*, 245 AD2d at 773), and plaintiff failed to raise a triable issue of fact to defeat the motion (*see Blair*, 2 AD3d at 1289).

We therefore would reverse the order, grant defendant's motion for summary judgment, and dismiss the complaint. Present—Smith, J.P., Peradotto, Lindley, Green and Gorski, JJ.